Linda **DENISEN, et al., Appellants,**

v.

**MILWAUKEE MUTUAL INSURANCE COMPANY, Respondent.**

No. C8–84–1132.

Court of Appeals of Minnesota.

Jan. 15, 1985.

John Malone, Brainerd, for appellants.

Willard L. Converse, St. Paul, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a summary judgment granted to respondent. Appellant, Linda Denisen, injured her lower back at work. She received compensation benefits from her employer for that injury. Compensation benefits were cut off by the insurer for her failure to appear for an adverse medical examination. Appellant brought this action at common law alleging severe and outrageous conduct on the part of respondent. We affirm.

## FACTS

A claims agent for respondent, Milwaukee Mutual Insurance Company, wrote appellant that an adverse medical examination had been scheduled and that failure to keep the appointment could result in suspension of future workers' compensation benefits. The letter advised appellant to promptly notify the company if, for good reason, she was unable to keep the appointment.

Two days before the scheduled exam, appellant saw her doctor and told him that she had been experiencing a choking sensation, light-headed spells, and dizziness for about two weeks. Her neck was swollen and her goiter was about twice its normal size. The doctor ordered thyroid tests.

That same day appellant notified respondent's claims agent that her doctor recommended she not travel from Brainerd to the Twin Cities for the adverse examination. The agent said the exam could be postponed if the doctor confirmed in writing the reasons for his recommendation. The agent warned appellant that the insurance

company must receive this notice within three weeks or compensation benefits would be discontinued.

Three days after the requested deadline the claims agent received the doctor's letter which explained that appellant failed to appear for her adverse examination because "thyroid function tests were thought to be more important than the adverse medical exam, at least at this time."

The next day the claims agent served notice upon appellant and her attorney that the insurance company intended to discontinue compensation benefits. The agent never informed appellant's attorney that the doctor's explanation was inadequate. She knew appellant was depressed and that discontinuation of benefits would cause financial hardship.

Upon learning of the benefit termination, appellant was admitted to a hospital for severe stress. After her release, she saw a dentist who diagnosed her as having a condition commonly known as trench mouth. He testified that appellant's severe stress caused the trench mouth and that this caused up to 40% permanent damage to her gums. A mental health specialist also testified that there is a causal connection between appellant's severe anxiety and distress and the insurance company's termination of her benefits.

The compensation judge ruled the insurance company had improperly discontinued payment of temporary total disability benefits because of appellant's failure to appear for an independent medical examination.

This decision was appealed to the Workers' Compensation Court of Appeals. The issues before this court are the following.

## ISSUES

1. Where the Minnesota Workers' Compensation Act provides a specific remedy for an insurer's failure to pay compensation benefits, is such remedy exclusive, thus precluding an action at common law?

2. Does defendant's failure to pay workers' compensation benefits rise to a level of severe and outrageous conduct?

## ANALYSIS

1. The Minnesota workers' compensation law establishes an exclusive system of compensation in all but certain designated employments for injuries which result in disability or death to employees and which arise out of and in the course of their employment. Minn.Stat. § 176.031 (1982).

The right to compensation is incident to the status of employment and arises regardless of fault. Employees and their dependents give up their common law right to sue the employer in exchange for the right to workers' compensation benefits.

2. Other states which have this exclusive remedy provision in their workers' compensation act, have established a judicially created exception to this rule. These courts have consistently refused to allow common law claims unless the employer's insurance carrier intentionally engages in outrageous and extreme conduct which cannot be justified by the needs of normal investigation or defense of claims. *Unruh v. Truck Insurance Exchange*, 7 Cal.3d 616, 102 Cal.Rptr. 815, 498 P.2d 1063 (1972).

Appellant contends her allegations against respondent come within the *Unruh* exception.

Plaintiff in *Unruh* alleged that the insurer's investigator had made romantic overtures to her for the sole purpose of arranging dates during which his colleague could surreptitiously film the plaintiff performing physical activity inconsistent with her claimed injuries. 7 Cal.3d at 620–21, 102 Cal.Rptr. 819–20, 498 P.2d 1066.

Courts applying this exception have consistently refused to entertain suits alleging less extreme conduct, such as wrongful refusal to pay claims. Here, the allegations do not rise to a level which would justify invoking the *Unruh* exception to statutory exclusivity.

If plaintiffs could avoid the jurisdictional limitation merely by alleging that the insurer had improperly refused to pay, the *Unruh* exception would soon subsume the statutory mandate.

### DECISION

The district court properly granted summary judgment in favor of respondent. We affirm.