Patricia A. MARKGRAF, Appellant,

v.

DOUGLAS CORPORATION, Wausau Insurance Company, Respondents,

Parkview Treatment Center, Defendant.

No. CO–90–2011.

Court of Appeals of Minnesota.

April 9, 1991.

Thomas M. Brudvig, Roseville, for Patricia A. Markgraf.

John French, Andrea M. Fike, Faegre & Benson, Minneapolis, for Doulgas Corp.

Dale B. Lindman, Victor E. Lund, Mahoney, Dougherty & Mahoney, Minneapolis, for Wausau Ins. Co.

Considered and decided by LANSING, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant argues that her termination and the five-month delay in receipt of her workers' compensation benefits constitute egregiously cruel and venal conduct under Minn.Stat. § 176.82 (1984) and that the trial court erred in dismissing her claims for negligent infliction of emotional distress and tortious invasion of privacy. We affirm.

## FACTS

In July 1982 appellant injured her back. She reinjured her back in September 1983 and missed three months' work. While appellant received medical and disability benefits for this period, she did not receive wage loss benefits, as appellant's employer, Douglas Corporation, and its worker's compensation insurer, Wausau Insurance Company (respondents), did not believe that her injury was work related. In June and July 1985, orthopedic and neurological opinions were obtained linking appellant's injury with her employment. In late November 1985, appellant and respondents settled all claims appellant had against respondents at that time.

Appellant was unable to continue full-time work and left work on December 16, 1985. Respondents thereafter refused to pay workers' compensation benefits until April 1986 when appellant underwent back surgery. Two months later, appellant started her recovery program, which included six to eight weeks of physical therapy. On June 23, 1986, Douglas terminated appellant's employment because she had been on "medical leave" for six months. Douglas' employee handbook provided for discharge after six months' absence. Appellant claims that she did not know about the employee handbook or the discharge provision until after she was terminated. Appellant had not obtained medical permission to return to work prior to the termination and underwent additional surgery in December 1987.

In April 1989, appellant sued respondents, alleging that she was terminated in violation of Minn.Stat. § 176.82, discrimination, intentional and negligent infliction of emotional distress. She also sued Parkview Treatment Center, alleging it tortiously invaded her privacy by releasing her medical records to respondents. The release of appellant's medical records was apparently pursuant to a medical release appellant had signed earlier but which had not been used. The trial court granted respondents' subsequent motion for summary judgment and dismissed appellant's invasion of privacy claim.

## ISSUES

1. Did the trial court err by granting summary judgment on appellant's claim that respondents' conduct was egregiously cruel and venal in violation of Minn.Stat. § 176.82?

2. Did the trial court err in granting summary judgment on appellant's claim of negligent infliction of emotional distress?

## ANALYSIS

Under the rules, summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. Additionally:

> On appeal from a summary judgment it is the function of [an appellate court] only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Further,

> the party opposing the [summary judgment] motion cannot rely upon the naked allegations of his pleadings and must present specific facts showing genuine issues for trial unless the facts adduced by the moving party fail to negate facts sufficiently alleged in the pleadings.

*Morgan v. McLaughlin*, 290 Minn. 389, 393, 188 N.W.2d 829, 832 (1971). Finally,

"the nonmoving party has the benefit of that view of the evidence which is most favorable to him." *Sauter v. Sauter,* 244 Minn. 482, 484–85, 70 N.W.2d 351, 353 (1955), *quoted in Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

## I.

Generally, the exclusive remedy of an injured worker is the Workers' Compensation Act. *Bergeson v. United States Fidelity and Guar. Co.,* 414 N.W.2d 724, 726 (Minn.1987). However:

Any person discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing an employee seeking worker's compensation benefits is liable in a civil action for damages incurred by the employee including any diminution in worker's compensation benefits caused by a violation of this section including costs and reasonable attorney fees, and for punitive damages not to exceed three times the amount of any compensation benefit to which the employee is entitled. Damages awarded under this section shall not be offset by any worker's compensation benefits to which the employee is entitled.

Minn.Stat. § 176.82 (1984). The supreme court has stated:

*We think this civil action is intended to cover those situations where the insurer's delay or denial of benefits goes beyond unreasonableness, neglect, or obstinance.* This view, we believe, keeps the remedies provided by sections 176.82 and 176.221 separate and distinguishable, and gives due deference to the exclusivity scheme of the Workers' Compensation Act. The statute's explicit allowance of treble punitive damages in the civil action, a kind of damages reserved traditionally for conduct which is outrageous, also supports this view.

*Bergeson,* 414 N.W.2d at 727 (emphasis added). *Bergeson* continues:

[A] cause of action under section 176.82 lies where a person, such as an insurer, obstructs or hinders, whether by deliberate action or inaction, the receipt of bene-

fits due the injured worker and does so in a manner that is *outrageous and extreme,* or, to put it another way, in a manner which is *egregiously cruel or venal.*

*Id.* (emphasis added).

■ Initially, appellant argues that it is for a jury to decide whether the alleged conduct is sufficiently cruel and venal to justify recovery under section 176.82. We disagree. Here, as in *Bergeson,* the essential facts are undisputed. *See id.,* 414 N.W.2d at 725–26. On appropriate facts, summary judgment may be issued by the trial court. *See id.* at 728 ("We must * * * affirm the granting of summary judgment by the trial judge.").

■ Regarding the facts of this case, appellant left work in December 1985 and did not receive benefits until retaining an attorney in April 1986. This delay is significantly shorter than the six-year delay in *Bergeson.* Further, regarding the cruelty or venality necessary for recovery under section 176.82, both the supreme court and this court have cited *Unruh v. Truck Ins. Exch.,* 7 Cal.3d 616, 102 Cal.Rptr. 815, 498 P.2d 1063 (1972); *see Bergeson,* 414 N.W.2d at 727; *Denisen v. Milwaukee Mut. Ins. Co.,* 360 N.W.2d 448, 450 (Minn. App.1985). *Denisen,* 360 N.W.2d at 450, summarizes *Unruh:*

Plaintiff in *Unruh* alleged that the insurer's investigator had made romantic overtures to her for the sole purpose of arranging dates during which his colleague could surreptitiously film the plaintiff performing physical activity inconsistent with her claimed injuries.

Courts applying this exception have consistently refused to entertain suits alleging less extreme conduct, *such as wrongful refusal to pay claims.*

(Emphasis added.) (Citation omitted.) If an insurer's wrongful refusal to pay a claim *without more,* is not sufficiently cruel or venal to justify recovery under Minn. Stat. § 176.82, we cannot say in the instant circumstances that the five-month delay appellant suffered in receiving benefits justifies recovery under this statute.

Furthermore, if an employer or insurer vexatiously delays, refuses to pay, or underpays compensation, the offender is subject to a penalty of up to 25 percent of the amount the injured party is to recover. *See* Minn.Stat. § 176.225, subd. 1 (1984). The availability of the 25 percent penalty against late payment demonstrates that section 176.82 applies to more egregious conduct.

■ Appellant also alleges that she was terminated in retaliation for seeking unemployment benefits. Douglas' employee handbook addresses medical leaves, stating:

> The employee may remain on leave until capable of returning to work on a full-time basis or is terminated following the maximum extension of leave. All leaves will normally be limited to six months. A request for extension of leave will be reviewed on an individual basis.

An affidavit of Douglas' business manager indicates that the six-month medical leave has never been extended and that respondent did not request an extension. Appellant alleges she was unaware of this policy until she was terminated. Even assuming that appellant was not aware of the six-month medical leave policy until she was terminated, termination does not constitute evidence of egregiously cruel and venal conduct by respondents, especially when termination is in accordance with an existing provision of the employee handbook, the reasonableness of which remains unchallenged.

## II.

■ Respondents argue that appellant's claim for negligent infliction of emotional distress is precluded by the exclusive nature of workers' compensation recovery. *See* Minn.Stat. § 176.031 (1984). The supreme court has stated:

> *Tort* claims against an employer or its insurer are *not* barred by exclusivity provisions [of the Workers' Compensation Act] if the injuries claimed or the damages sought did not arise out of and in the course of employment.

*Kaluza v. Home Ins. Co.*, 403 N.W.2d 230, 236 (Minn.1987) (emphasis added). As appellant's claim for negligent infliction of emotional distress did not arise in the course of appellant's employment, it is not barred by the exclusivity of the Workers' Compensation Act. *See id.* We note, however, that

> [t]he failure to pay an insurance claim in itself, *no matter how malicious*, does not constitute a tort; it constitutes a breach of an insurance contract.

*Saltou v. Dependable Ins. Co.*, 394 N.W.2d 629, 633 (Minn.App.1986) (emphasis added). Here, even assuming that Wausau failed to promptly pay benefits to which appellant was entitled, and assuming that Wausau's failure to pay benefits was malicious, appellant does not allege any "exceptional circumstances" which might transform Wausau's assumed breach of contract into the independent tort of negligent infliction of emotional distress. *See Pillsbury Co. v. National Union Fire Ins. Co.*, 425 N.W.2d 244, 248–49 (Minn.App.1988), *pet. for rev. granted* (Minn. July 28, 1988), *appeal dismissed* (Minn. Mar. 13,1989).

Alternatively, even if exceptional circumstances did exist, appellant still would be unable to recover. The supreme court has stated:

> We have consistently held that *no* cause of action exists for the negligent infliction of emotional distress *absent either physical injury* or *physical danger* to the plaintiff.

*Langeland v. Farmer's State Bank of Trimont*, 319 N.W.2d 26, 32 (Minn.1982). The exact physical impact or danger appellant feared is unspecified. Lack of impact or danger is fatal to a claim of negligent infliction of emotional distress. *See Bohdan v. Alltool Mfg. Co.*, 411 N.W.2d 902, 907 (Minn.App.1987) ("Appellant presented no facts showing he was in a zone of danger of physical impact and reasonably feared for his own safety. He thus cannot recover under this theory [of negligent infliction of emotional distress].") , *pet. for rev. denied* (Nov. 13, 1987); *see also Leaon v. Washington County*, 397 N.W.2d 867, 875 (Minn.1986) (The wife of person in

"zone of danger" could not recover because the wife herself was not in "zone of danger.").

Finally, we note that the trial court did not err in dismissing appellant's claim for tortious invasion of privacy; Minnesota does not recognize that cause of action. *See Hendry v. Conner*, 303 Minn. 317, 319, 226 N.W.2d 921, 923 (1975).

## DECISION

The facts of this case do not involve either conduct sufficiently cruel and venal to justify recovery under section 176.82 or circumstances which would sustain a claim for negligent infliction of emotional distress. The trial court did not err in granting summary judgment on appellant's claims.

Affirmed.