MATHEWS, J.
delivered the opinion of the court. The plaintiff and appellant claims her freedom, and that of her children, under a contract between her former master and Cuffy, a freedman, her father. A copy of the contract comes up with the record, as well as the proceedings, which took place, in a Spanish tribunal on that contract, by which it appears that a judgment was rendered, fixing the value of each slave, who was to be manumitted, under the Stipulations in the contract, and imputing a payment of 316 dollars to the benefit of one of them.

*495
East'n District.

May, 1818.
By what rule of law, or principle of justice the Spanish tribunal acted in its decision, it is useless to enquire. The matter must be considered as res judicata, and is of title importance in deciding the cause, as it is now placed, before this court.
The expressions of the contract itself shew clearly that Andrew Almonaster, the defendant’s first husband, anil former master of the plainliff, bound himself to liberate the slaves mentioned therein, only on the condition of receiving 3400 dollars, the price of their liberty, stipulated between him and Cuffy. It does not appear that the sum or any part of it was paid to him or his representatives, except 316 dollars, which were imputed on the price of John Baptist, one of the four slaves named in the contract, by the judgment of the Spanish tribunal, from which no appeal appears to have been taken, and which fixes and determines the appropriation of that sum. But even that sum, were it now to he considered as a general payment, on the contract, for all the slaves named in it, could not avail the present plaintiff.
Her counsel relies much on principles of the Roman law ; quoties dubia libertatis interpret tatio est ff. 50, 171 201 and the law de servo suis numis empto, 40, 1, 4, in which, among other *496 things it is declared, $ 10, that although the whole price of his freedom should not he paid by the slave, nevertheless be acquires it, if the deficiency be afterwards supplied by his labor, or if he should acquire it by his industry. As to the rule requiring the interpretation, in doubtful cases, to be in favor of freedom, it is sufficient to observe that no one rule of interpretation in law or contracts ought ever to be considered of so much consequence, as to exclude the operation of others, equally founded in justice and common sense. Freedom must not he so favored by interpretation, as to depart entirely from the intention of the contracting parties, apparent on the contract itself.
The law which authorizes the residue of the price to be supplied by the labor of the person claiming his freedom, as purchased with his own money, or by the circumstance of acquiring property, is, in our opinion, (and as insisted on by the counsel of the defendant) applicable only to such persons as are made free instanter, on condition of paying a certain sum in futuro. In such a case, when a part of the price of the person is paid, and the freedman continues to labor for his former master, the value of his labor may he fairly imputed, as a payment: or if he be suffered to act as a free person, and ac- *497 quire property, he may be compelled, by legal proceedings, to complete the payment of the price of his freedom.
But, in the case under consideration, the master contracted to give him deed of emancipation of the children of Cuffy, when the latter should have satisfied and paid him 2400 dollars. This mode of expression demonstrates the intention of the master to liberate them in futuro, after the fulfilment of the condition, on which alone they were to he freed, viz : the complete payment of the price of their freedom. On tendering the full amount of the sum for which he promised to give them their freedom, (at any time perhaps) they would be entitled to demand their freedom. But, without payment, or an offer to pay, they surely can claim no benefit, under the contract on which they rely. This opinion we believe to be in conformity with every just rule for the interpretation of contracts.
It is supported by the authority to which the plaintiff’s counsel has resorted ff. 40, 7. de statuliberis. In the fifth paragraph of the third law which declares that ti e statuliber must fulfil the condition on which he is to he entitled to his freedom, provided he be not hindered, and the condition he possible; it is laid down that if the condition on which the slave is to he free *498 be the payment of a certain sum to the heir of the master, and he does not pay the whole, he shall not obtain his liberty. Si decem jussus dare & liber esse, quique det ; non pervenit at libertatem, nisi totum det.
Young for the plaintiff, Moreau for the defendant.
We are of opinion that there is no error in the judgment ; and it is therefore ordered adjudged and decreed that it be affirmed with costs.