EASTERN DIST.
January, 1840.

ALLAIN & TREMOULET *vs.* TRUXILLO.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, FOR THE PARISH OF ASSUMPTION, THE JUDGE THEREOF PRESIDING.

ALLAIN & TRE-
MOULET
*vs.*
TRUXILLO.

14 297
46 1373

When a party expressly calls for the separate answers of each member of a firm, every member thereof is bound to answer when notified of the order of court, and without a commission being sent, even when the party interrogated resides out of the parish.

It devolves on the party desiring the answers to interrogatories to notify the party interrogated, and give time for the answers to be made.

This is a suit by the payees against the maker of a promissory note. The execution of the note was admitted.

The defendant propounded interrogatories to the plaintiffs, who reside in New-Orleans, touching the consideration of the note sued on, and required separate answers from each. Tremoulet, one of the firm, being in the parish of Assumption at the time, answered, and the parties proceeded to trial, without waiting for the answer of Allain.

On the trial, the defendant's counsel excepted to the answer of Tremoulet being read, and insisted, as both had not answered, the answer of one could not be read, and that the interrogatories to both ought to be taken for confessed. The district judge presiding, sustained the exception, and gave judgment for the defendant. The plaintiffs appealed.

*Winchester,* for the plaintiffs.

*Ilsley* and *Nicholls,* for the defendant.

*Morphy, J.,* delivered the opinion of the court.

This suit is brought on a promissory note, by the payees. They describe themselves as residing and trading in the parish and city of New-Orleans. The defendant, after taking a frivolous exception, and suffering a judgment by default to go against him, filed an answer. He admits his signature, pleads want of consideration, and propounds interrogatories,

EASTERN DIST.
January, 1840.

ALLAIN & TRE-
MOULET
vs.
TRUXILLO.

which he prays that plaintiffs may be ordered to answer seve-
rally. Tremoulet being at the time in the parish of Assump-
tion, answered *instanter*, expressing his personal knowledge
of the whole transaction, and showing the consideration for
which the note had been given.   To these answers, the
defendant excepted, on the ground of insufficiency ; the other
plaintiff not having answered as required to do.   On the same
day, the parties proceeded to trial.   During its progress,
plaintiff's counsel offered to read the answers of Tremoulet,
but defendant objected to their being read without those of
Allain, and contended that his interrogatories not having
been answered according to the order of the court, the facts
therein set forth should be taken for confessed.   The judge
below being of that opinion, gave judgment in favor of
defendant.

When a party expressly calls for the separate answers of
the members of a firm, we think that every member thereof
is bound to answer, as was intimated in Martineau et al. *vs.*
Carr, 3 *Martin*, 497.   Some discussion took place at the bar
in relation to the commission directed to be issued by article
352, of the Code of Practice, when the party interrogated
resides out of the parish where the court sits ; each party to
this suit contending, that it was incumbent on the other, to
take out and forward such commission.   We are of opinion
that neither was bound to do it here.   An attentive perusal
of the article above cited, taken in connection with the pre-
ceding one, shows that it contemplates only the case where
one party wishes his adversary to answer in open court, and
in his presence.   This was not asked by the defendant ; no
commission then was to be sent to New-Orleans, and the
party living there, when notified of the order of court, had
only to forward his answers to the clerk to have them filed,
but this he could not be expected to do on the very morning
he was called upon to answer.

The question then more properly is, on whom devolved the
duty of praying for a continuance, in order to afford Allain
sufficient time to be notified of, and to comply with the
order of court, making it his duty to answer ?   Surely on

*Marginal note:* When a party expressly calls for the separate answers of each member of a firm, every member thereof is bound to answer when notified of the order of court, and without a commission being sent, even when the party interrogated resides out of the parish.

him who needed the evidence.    It behoves the party who provokes the answers of his adversary, to use them as testimony for himself on the trial, to take the means required by law to obtain them.    It has been determined in this tribunal, that a party who propounds interrogatories to be answered in open court, and neglects to have a day fixed, waives his right to have them taken *pro confessis*, if they be not answered. Thus it appears to us that this defendant, by going to trial without taking any legal steps to afford the absent party any possibility of answering his interrogatories, must be considered as having waived them.    There remained then, the answers of Tremoulet, by which, we think, the defendant must be concluded.    These answers being full and positive, we apprehend that the defendant has not done himself much injury by thus foregoing those of the other partner.    If the latter had any knowledge of the business, his answers would only strengthen the evidence against defendant.    If he knew nothing about it, his ignorance could not weaken it. The reason why separate anwers are required of the members of a firm is, to guard against any attempt to render nugatory the right of interrogation, by having the answers made by that partner, whose information on the subject would be the most limited.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and now, this court proceeding to render such judgment as in their opinion should have been given below, do order, adjudge and decree, that the plaintiffs do recover of the defendant four thousand eight hundred and sixty dollars and eighty-eight cents, together with interest thereon at the rate of ten per cent. per annum, from the 18th of July, 1838, until paid, and that the defendant and appellee pay costs in both courts.