LORENZO N. CLARKE v. THOMAS P. JONES and WILLIAM. GOUGH.

Where a party residing abroad comes into our courts in the prosecution of his rights, he is in contemplation of law present like other suitors residing in the state, and is subject to the same rules and obligations; and where interrogatories are propounded to him, it is the duty of his counsel to take notice of them, and, as he is under a legal obligation to answer, and it is for his convenience that a commission issues, he must take the necessary steps to comply with the law in such a manner that his answers may be used as evidence in the case. It is not for the party calling for the answers to take out a commission, or to incur the trouble and expense of attending to its execution.

When interrogatories are propounded to a party to a suit not residing in the parish, reasonable time should be allowed him to answer; and if sufficient time has not been allowed, the party wishing to use the answers as evidence, must move for a continuance, or they will be considered as waived.'

Where an absent party to whom interrogatories were addressed, appears to have honestly intended to comply with what was required of him, his adversary, who has, by a technical objection, excluded the testimony which he had himself called for, will not be allowed to avail himself of such an irregularity, to have the interrogatories taken for confessed. He should be satisfied to exclude them as evidence against himself.

A retiring partner is not responsible for goods delivered after the dissolution of the firm, nor will he be bound by any acknowledgments in regard to them made by his former partner.

THIS case was tried before the District Court for the parish of Natchitoches, *Campbell*, J. On motion of the plaintiff, the suit was dismissed as to Gough; and judgment was given for the amount claimed, against Jones. The latter appealed.

*Carr* and *Pierson*, for the appellant, urged the reversal of the judgment, for error on the face of the record. They contended:

1. That the court having rejected the commission, under which the answers to the interrogatories propounded by the defendant, Jones, were taken, the facts stated in those interrogatories should have been taken for confessed. That when interrogatories are propounded to a party residing out of the parish, it is the duty of the latter to answer them under a commission. That if the commission is informally executed, so that it cannot be read, it is at his peril; and that the interrogatories must be taken for confessed, or further time be allowed for a new commission. That the party interrogating does all that is required of him, when he propounds

the interrogatories, and gives the opposite party an opportunity to answer them.    Code of Pr., 349, 352.

2. That the judgment was rendered without evidence; and that although a defendant sued on an open account fail in his defence, the plaintiff is bound to prove his demand before he can recover.

*Boyce*, for the plaintiff and appellee, prayed that the judgment might be affirmed, citing *Allain & Tremoulet* v. *Truxillo*, 14 La., 297.

MORPHY, J.    Jones, one of the defendants, who were formerly commission merchants at Natchitoches, has appealed from a judgment decreeing him to pay a balance of $845 64, alleged to be due to the plaintiff on the sale of one hundred barrels of pork, sent to them to be sold for his account.    Annexed to plaintiff's petition is an account of sales, in which this amount is acknowledged to be due, with ten per cent interest per annum from the 1st of May, 1838, and which is in the hand-writing of Gough.    Jones alone answered, and pleaded the general issue.    He also averred that the partnership between him and his co-defendant was dissolved, to the knowledge of plaintiff, on the 1st of January, 1838; that the sale alleged to have been made by Jones & Gough, were made by Gough alone subsequent to this date, and that he has nothing to do with and is in no way responsible for the acts of his former partner. To support this defence, interrogatories were propounded to plaintiff, and forwarded to a justice of the peace in the county of Johnston, in the state of Arkansas, where he resided.    On the return of the commission, the answers to the interrogatories being unfavorable to the defendant, his counsel objected to them, and they were rejected by the judge, it appearing from the certificate of the Secretary of state of Arkansas, that the magistrate who received them was commissioned for a different county, than that in which he appears to have acted.    After this, he moved the court that the facts set forth in the interrogatories be taken *pro confessis*, as not having been answered by plaintiff.    This motion was overruled by the judge, on the ground that the defendant having provoked the answers of plaintiff, to be used as evidence for himself on the trial of the cause, it behoved him to use the means required by law to obtain them, and that where any irregularity existed in taking the testimony so to be used for himself, it was not competent for him to

avail himself of such irregularity, and thereby take as confessed the facts enquired about. To this opinion a bill of exceptions was taken. We think that in this case the judge decided correctly in overruling this motion, but we cannot assent to the grounds by him assumed. When a party residing abroad, thinks proper to come into our courts of justice in the prosecution of his rights, he is, in contemplation of law, present, like all other suitors residing in the state, and is subject to the same rules and obligations. If interrogatories are put to him, it is the duty of his counsel to take notice of them, and to see that they are answered according to law. The most that can be done for such absent persons, is to allow them a reasonable time to comply with this obligation, according to the distance at which they may live from the place where their answers are called for. As it is for their convenience that a commission issues, it behoves them to see that it be properly executed, in order to comply with an obligation imposed on them by law. The opinion delivered in the case of *Allain & Trimoulet* v. *Truxillo*, 14 La., 297, which is relied on by the plaintiff's counsel, does not justify the ground taken by the judge, that it is the duty of the party calling for the answers under oath of a non-resident, to take out a commission to receive them, and to attend to its execution abroad. We said in that case that reasonable time should be afforded to a party living in a different parish, to make and forward the answers asked of him ; that if that time had not been allowed, it was for the party wishing to use such answers as evidence, to move for a continuance ; and that by going to trial without taking the necessary legal steps to give the absent party the possibility of answering his interrogatories, he must be considered as having waived them. But we never intended to convey the idea that the interrogating party was bound to take out a commission, and be at the trouble and expense of attending to its execution. The party who is under the legal obligation of answering to interrogatories must take the necessary steps to comply with the law, and must take care to do it in such a manner that his answers can be used as evidence in the cause. But at the same time, when, as in this case, a party appears to have honestly intended to do what is asked of him, his adversary, who, by a technical objection, has excluded the testimony, which he himself had called for, should not be permit-

Clarke *v.* Jones and another.

ted to avail himself to the extent contended for, of an irregularity which is probably a clerical error in the certificate appended to the commission. The defendant should, it seems to us, have been satisfied with excluding these answers as evidence against himself. If any unfairness had been shown on the part of the plaintiff, or if there had been great carelessness in the discharge of the duty imposed upon him, he might be considered as having wilfully neglected to give his answers in a proper form, and the interrogatories might have been taken for confessed ; but under the circumstances of this case, the judge, in our opinion, correctly overruled the motion of defendant's counsel. If the latter were anxious, which is rather improbable, to procure other answers from the plaintiff, he could easily have obtained a continuance.

On the merits, we are of opinion, that the answers to the interrogatories having been excluded, the record does not furnish sufficient evidence to sustain plaintiff's demand. It is proved that Jones and Gough were in partnership only up to the 1st of January, 1838; it is not shown that plaintiff had any dealings with them, or that his goods were sent to them before that time; and from the account signed by Gough on the 1st of May, 1838, all the sales made for the plaintiff's account appear to have taken place after the 1st of January preceding. Unless the plaintiff had delivered his goods to the firm before its dissolution, Jones cannot be responsible for any part of their proceeds, nor is he bound by the acknowledgment contained in the account of sales, signed by his former partner. From the circumstances of this case, however, we are of opinion that justice requires that we should remand it for a new trial.

It is therefore ordered that the judgment of the district court be reversed, and that this case be remanded for a new trial; the plaintiff and appellee paying the costs of this appeal.