USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1017 GEORGE BARNARD, Plaintiff, Respondent, v. ZAPATA HAYNIE CORPORATION AND AETNA CASUALTY AND SURETY COMPANY, Defendants, Petitioners. ____________________ APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Lay,* Senior Circuit Judge, ____________________ and Pieras,** District Judge. ______________ ____________________ Terry A. Fralich with whom Peter J. DeTroy, III and Norman, _________________ ______________________ _______ Hanson & DeTroy were on brief for petitioners. _______________ William H. Welte with whom Joseph M. Cloutier & Associates was on ________________ _______________________________ brief for respondent. ____________________ ____________________ _____________________ * Of the Eighth Circuit, sitting by designation. ** Of the District of Puerto Rico, sitting by designation. LAY, Senior Circuit Judge. This case _______________________ involves the question whether the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901-950 (1988) (LHWCA), preempts a suit brought by George Barnard against his former employer and its insurer for intentional failure to make timely compensation payments. The defendants, Zapata Haynie Corporation (Zapata) and Aetna Casualty and Surety Company (Aetna), moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The district court denied the motion to dismiss under Martin v. Travelers ____________________ Insurance Co., 497 F.2d 329 (1st Cir. 1974). The court ______________ certified the question for interlocutory appeal under 28 U.S.C. 1292(b) (1988), and this court granted permission to appeal. We reverse and find Martin distinguishable from ______ the present claims. We find plaintiff's complaint to be preempted by the LHWCA. Barnard worked as a fish spotter for Zapata and was found disabled for work by his family physician and a Federal Aviation Administration medical examiner. He was grounded on November 8, 1984, allegedly due to a stress related psychological disability. Plaintiff filed a claim for compensation benefits under the LHWCA and a hearing was held on July 28, 1986. On May 21, 1987, an Administrative -2- 2 Law Judge (ALJ) ordered Zapata to pay Barnard compensation for temporary total disability and to provide medical treatment.1 Payments were made regularly until October of 1988, when the United States Postal Service returned a compensation check to Aetna, noting that the forwarding period had expired. Defendants failed to make any further payments to Barnard until June 20, 1990, when Aetna issued a compensation check in the amount of $63,762.60, paying compensation to July 10, 1990. Barnard filed suit against Zapata and Aetna on June 10, 1991, asserting various state tort claims relating to defendants' failure to comply with the compensation terms ordered by the ALJ. Barnard contends that the liability sought in this case is not on account of his work-related injury but arises from injuries caused by defendants' intentional, willful, and malicious refusal to pay. Barnard claims to have suffered permanent psychological damage as a result of defendants' actions. The district court denied defendants' motion for judgment on the pleadings under rule 12(c) because of its inability to distinguish precedent of this court, Martin v. _________ ____________________ 1Zapata appealed the award of compensation to the Benefits Review Board. The Board affirmed the award. -3- 3 Travelers Insurance Co., 497 F.2d 329 (1st Cir. 1974). In _______________________ Martin, this court held the failure to honor a draft issued ______ as part of the benefits paid constituted an independent wrong and that plaintiff was not precluded under the LHWCA from pursuing independent state law remedies.2 We must respectfully disagree with the district court's ruling. We find Martin distinguishable and hold ______ that the LHWCA preempts the present claim. In Martin, the ______ court made clear that the crux of the complaint here is the insurer's callous stopping of payment without warning when it should have realized that acute harm might follow. A stop payment on a sizable compensation check which may have been deposited and drawn upon carries the obvious ____________________ 2The facts of Martin, as outlined by the court, are as ______ follows: [A]bout two weeks after the drafts had been deposited and substantially drawn upon by plaintiff, defendant stopped payment on the drafts, presumably because a decision had been made in the interim to appeal the adverse decision of the Bureau. This action by defendant is alleged by plaintiffs to have delayed payment in violation of the terms of the Act and to have subjected claimant to financial embarrassment due to the fact that he had written checks which had become worthless. Martin, 497 F.2d at 330. ______ -4- 4 possibility of embarrassment and distress.3 Martin, 497 F.2d at 331. ______ Unlike Martin, the facts in the present case ______ relate solely to a refusal to pay benefits, and do not involve a stop payment or dishonor of a draft issued to a claimant against which the claimant in good faith issued checks of his own. Here, for whatever reason, the defendant refused to pay or issue payments between October of 1988 and June of 1990. While Barnard urges that defendants had no legal basis for doing so, we find the LHWCA to be Barnard's exclusive remedy for defendants' failure to make timely payments, irrespective of defendants' reasons for nonpayment. See 33 U.S.C. 905(a) (1988) ("The liability ___ of an employer prescribed in section 904 of this title shall ____________________ 3The court observed in a footnote: Plaintiff relies upon the tort theory creating liability for infliction of mental and emotional suffering recognized by the Maine Supreme Judicial Court in Wallace v. Coca-Cola Bottling Plants, Inc., 269 A.2d 117 (Me. 1970). Alternatively, see generally, W. ________________ Prosser, Handbook of the Law of Torts 129, 130 (4th ed. 1971); cf. Uniform ___ Commercial Code 4-402. Martin, 497 F.2d at 331. ______ -5- 5 be exclusive and in place of all other liability of such employer to the employee . . . on account of such injury or death . . . ."). Section 14(f) of the LHWCA assesses a penalty against employers who delay in making payments as ordered: If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or court. 33 U.S.C. 914(f) (1988); cf. 33 U.S.C. 914(e) (1988) ___ (ten percent penalty assessed where employer delays compensation payable without an award).4 ____________________ 4In addition, the LHWCA provides for an award of attorneys' fees and expenses to a successful claimant where entitlement to compensation has been disputed, 33 U.SC. 928 (1988). Martin was decided by this court in 1974. In 1984, Congress ______ passed extensive amendments to the LHWCA following a debate over Union concerns regarding abuse by insurers arbitrarily withholding payment of benefits under the Act. See ___ generally Longshoremen's and Harbor Worker's Compensation _________ Act Amendments of 1981: Hearings on S. 1182 Before the Subcommittee on Labor of the Senate Committee on Labor and Human Resources, 97th Cong., 1st Sess. 433, 516-23, 545 (1981). Congress ultimately enhanced the criminal penalty for such arbitrary withholdings from a misdemeanor to a felony, increasing the maximum fine to $10,000 and the maximum imprisonment to five years. 33 U.S.C. 931(c) (1988) (amended in 1984 by Pub. L. No. 98-426). -6- 6 As the Fifth Circuit has observed, "the pervasiveness of the LHWCA treatment of the payment of compensation due, and the conflict therewith which necessarily flows from any state penalty scheme respecting failure to pay LHWCA benefits which differs from the scheme of the LHWCA itself, persuade us that [claimant's] state law claims are preempted." Atkinson v. Gates, McDonald & Co., __________________________________ 838 F.2d 808, 812 (5th Cir. 1988); see also Brown v. General ________ ________________ Serv. Admin., 425 U.S. 820, 834-35 (1976) ("We have _____________ consistently held that a narrowly tailored employee compensation scheme pre-empts the more general tort recovery statutes."). The court in Atkinson further reasoned that ________ the statutory penalty "inferentially, but nonetheless plainly, also provides that the penalty shall not be any ___ different amount, and that liability for it shall not vary according to anything, such as good or bad faith . . . ." Atkinson, 838 F.2d at 812; see also Hall v. C & P Tel. Co., ________ ________ _______________________ 809 F.2d 924 (D.C. Cir. 1987) (finding state tort claim based on employer's intentional refusal to make timely compensation payments preempted by exclusivity and late payment provisions of LHWCA); Sample v. Johnson, 771 F.2d _________________ 1335, 1347 (9th Cir. 1985) (holding state wrongful refusal to pay claim barred by exclusivity and penalty provisions of -7- 7 LHWCA, and distinguishing Martin from cases of ordinary ______ refusals to pay), cert. denied, 475 U.S. 1019 (1986); Daley ____________ _____ v. Aetna Casualty & Sur. Co., 573 N.E.2d 1128, 1130 (Ohio ______________________________ Ct. App. 1988) (intent to preempt state actions for bad faith and intentional infliction of emotional distress based on employer's termination of benefits "is apparent both from the pervasiveness of the federal regulation and the likelihood of conflicts between state and federal law."); 2A Arthur Larson, The Law of Workmen's Compensation 68.34(c), _________________________________ at 13-145 (1992) (noting majority view that "the presence in the statute of an administrative penalty for the very conduct on which the tort suit is based . . . evidences a legislative intent that the remedy for delay in payments, even vexatious delay, shall remain within the system in the form of some kind of penalty."). The district court and claimant here urge that Martin is controlling in the First Circuit. We agree; ______ however, for the reasons discussed above we find Martin to ______ be inapposite to the facts alleged here. We hold plaintiff's suit for alleged intentional failure to make timely compensation payments preempted by the exclusivity and late payment provisions of LHWCA. Judgment reversed. _________________ -8- 8