**Pamela J. KINDER and Steven R. Kinder, Plaintiffs,**

v.

**CRAWFORD AND COMPANY, Defendant.**

**Civil No. 96–1483 (JAF).**

United States District Court, D. Puerto Rico.

March 31, 1997.

Harry R. Segarra, San Juan, PR, for Plaintiffs.

J. Ramon Rivera–Morales, Jimenez Graffam & Lausell, San Juan, PR, Lawrence D.

Smith, Walton, Lantaff, Schroeder & Carson, Miami, FL, for Defendant.

### *OPINION AND ORDER*

FUSTE, District Judge.

Plaintiffs, Pamela J. and Steven R. Kinder, brought this diversity action seeking damages, pursuant to the Puerto Rico general tort statute, 31 L.P.R.A. § 5141 (1990), from defendant Crawford and Company, the worker's compensation claim administrator of the United States Naval Exchange Service Command at the United States Roosevelt Roads Naval Station in Ceiba, Puerto Rico. The complaint alleges that plaintiff Pamela Kinder was injured in the course of her employment with the "Mini–Mart", a United States Navy exchange facility located in Roosevelt Roads, on July 13, 1995. Plaintiff reported her injury to her employer, the United States Department of the Navy, who, in turn, reported the incident to defendant. Defendant denied plaintiff compensation benefits. Subsequent to an administrative hearing, a United States Department of Labor examiner found plaintiff's injury compensable. Defendant has controverted this finding and plaintiff's claim is still pending for a review by the United States Department of Labor, Office of Worker's Compensation. In the instant action, plaintiffs allege that defendant has acted in bad faith in controverting plaintiffs' compensation claim, and that defendant's unreasonable action has caused plaintiffs mental suffering and anxiety.

Presently before us is defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). A defendant may move to dismiss an action against it based only on the pleadings for "failure to state a claim upon which relief can be granted ..." Fed.R.Civ.P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all wellpleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir.1993). However, the court will not accept plaintiff's unsupported conclusions or interpretations of law. *Id.*

In its motion to dismiss, defendant contends that plaintiffs' damages are covered by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950 (1988), and that said exclusive remedy bars the present action. As an employee of the "Mini–Mart" at the United States Naval Station in Roosevelt Roads, plaintiff was an employee paid from nonappropriated funds of a United States Navy exchange facility pursuant to the Nonappropriated Funds Instrumentalities Act (NFIA). 5 U.S.C. § 2105(c) (1988). Nonappropriated funds employees are exclusively covered by the LHWCA. 5 U.S.C. §§ 8171, 8173 (1988). Furthermore,

> [t]his liability is exclusive and instead of all other liability of the United States or the instrumentality to the [employee's] *legal representative, spouse, dependents, next of kin, and any other person otherwise entitled* to *recover damages from the United States or the instrumentality* because of the ·disability or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8173 (1988) (emphasis added) *See also* 33 U.S.C. § 905 (1988); *Murphy v. Woods Hole, Martha's Vineyard and Nantucket S.S. Authority,* 545 F.2d 235 (1st. Cir.1976) (exclusiveness of employer's liability under terms of LHWCA barred harbor worker and wife's negligence claim against his employer to recover for injuries sustained on gangwaylike structure of a vessel owned by employer). Therefore, once the administrative examiner determined that plaintiff had compensable injuries under the LHWCA, liability under this statutory scheme is exclusive for plaintiff's injuries. *Vilanova v. United States,* 851 F.2d 1, 5 (1st Cir.1988).

Since plaintiffs have pursued and agreed to NFIA's compensation scheme, they cannot have a second bite at the apple by bringing a local tort claim for defendant's denial of benefits. To allow them to litigate the damages claim would frustrate the purpose of the NFIA's scheme to "simplify and expedite the process of compensating employees for on-the-job injuries." *Id.* at 3. "It is a crucial part of this scheme that neither injured em-

**12**

ployees nor their employers have any choice in the matter of compensation for work-related injuries." *Id.* at 4.

Plaintiffs argue that defendant, as the claims administrator, is not protected from liability by this exclusivity scheme. Although the issue of a compensation administrator's immunity will partly depend on the facts in each case, *see. e.g. Martin v. Travelers Ins. Co.,* 497 F.2d 329 (1st Cir.1974), "[u]nder the facts of this case, [defendant] is clearly entitled to partake of the employer's immunity." *Johnson v. American Mut. Liability Ins. Co.,* 559 F.2d 382, 395 (5th Cir. 1977). The provisions of the LHWCA encompass claims for damages on account of an injury sustained in the course of employment. *Martin,* 497 F.2d at 330. The United States Navy has charged defendant with the duties of investigating, processing, and settling any worker's compensation claim for the United States Navy Exchange Service Command at Roosevelt Roads. It is precisely for the allegedly arbitrary denial of worker's compensation that plaintiffs are suing defendant. *See also Barnard v. Zapata Haynie Corp.,* 975 F.2d 919 (1st Cir.1992); *Atkinson v. Gates, McDonald & Co.,* 838 F.2d 808 (5th Cir.1988).

Plaintiffs also argue that the LHWCA does not apply to Puerto Rico. They cite *Garcia v. Friesecke,* 597 F.2d 284 (1st Cir.), *cert. denied,* 444 U.S. 940, 100 S.Ct. 292, 62 L.Ed.2d 306 (1979), for this proposition. In *Garcia,* the First Circuit Court of Appeals held that the LHWCA does not extend to longshoremen injured in Puerto Rican navigable waters. *Id.* at 293. It reasoned that "a rational basis for the exclusion [existed] in the disruption the federal benefits could reasonably be thought to work on the Puerto Rican economy." *Id.* This exclusion obviously does not apply to plaintiff, who was injured during the course of her employment with a United States Navy exchange facility located on a United States Naval base. Any compensation owed to plaintiffs will be drawn from the United States Navy Exchange Service Command's funds.

Given that a United States Department of Labor examiner has determined that plaintiff's injuries are compensable under the LHWCA, plaintiff's exclusive remedy is under that Act. We, therefore, **DISMISS** the instant local tort law action against defendant. Judgment will be entered accordingly.

**IT IS SO ORDERED.**