Ronald L. HALL and Laura Hall, Appellants,

v.

C & P TELEPHONE COMPANY.

No. 84–5897.

United States Court of Appeals, District of Columbia Circuit.

Jan. 23, 1987.

Mark J. Brice, Washington, D.C., was on appellants' petition for rehearing.

Before STARR, Circuit Judge, WRIGHT and MACKINNON, Senior Circuit Judges.

## ON APPELLANTS' PETITION FOR REHEARING

Opinion PER CURIAM.

PER CURIAM:

In our original opinion in this case, we held that the District of Columbia Workers' Compensation Act of 1928 was a "local" law, even though the statute merely applies the terms of a federal statute (the Longshoremen's and Harbor Workers' Act of 1927), which is national in scope. 793 F.2d 1354 (1986). We concluded that we owed virtually the same deference to the D.C. Court of Appeals' construction of the 1928 D.C. Compensation Act as we would accord a decision of the highest court of a State interpreting state law.

Hall now seeks rehearing principally on the ground that our decision to defer to the D.C. Court of Appeals is inconsistent with the Supreme Court's decision in *WMATA v.*

*Johnson,* 467 U.S. 925, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984). Hall's Petition for Rehearing at 1. In *Johnson,* the Court interpreted the 1928 D.C. Compensation Act without considering what deference was owed to local D.C. court's construction of the Act. The Court merely noted that D.C. law "incorporates" the Longshoremen's Act, 467 U.S. at 928 n. 4, 104 S.Ct. at 2830 n. 4, and proceeded to analyze the latter Act. (Congress, we note, promptly overruled *Johnson* in the 1984 Amendments to the Longshoremen's Act.)

█ We remain convinced that our decision to defer to the holding of the D.C. Court of Appeals was correct. In our view, our approach is entirely faithful to the Supreme Court's *express* teachings on the issue of what deference federal courts owe "decisions of the District of Columbia Court of Appeals on matters of local law— both common law and statutory." *Pernell v. Southall Realty,* 416 U.S. 363, 368, 94 S.Ct. 1723, 1726, 40 L.Ed.2d 198 (1974). Because *Johnson* did not even discuss the question whether the 1928 D.C. Compensation Act was "local" law, we are reluctant to construe it as binding authority on that precise issue. Our reluctance is enhanced by the fact that, prior to the Supreme Court's decision in *Johnson,* the D.C. Court of Appeals explicitly considered that very issue and held that the 1928 D.C. Act was a "local" law. *See District of Columbia v. Greater Washington Central Labor Council,* 442 A.2d 110, 116–17. (D.C.C.A. 1982), *cert. denied,* 460 U.S. 1016, 103 S.Ct. 1261, 75 L.Ed.2d 487 (1983). That conclusion was an essential part of the reasoning underlying the D.C. Court of Appeals decision that the D.C. Council enjoyed authority to enact a new workmen's compensation scheme. *Id.* If the Supreme Court in *Johnson* had intended to rule that the D.C. Compensation Act of 1928 was national and not "local," thereby calling into question the lawfulness of the new workmen's compensation scheme enacted by the D.C. Council in 1980, we doubt very much that the Court would have done so without even

addressing the applicable D.C. Court of Appeals precedent.

■ In any event, even if we were to accord no deference to the D.C. Court of Appeals' interpretation of the 1928 D.C. Compensation Act's exclusivity provisions as set forth in *Garrett v. Washington Air Compressor Co.*, 466 A.2d 462 (D.C.C.A. 1983), we would nonetheless find the reasoning of that case persuasive. As the court observed in *Garrett*, the Longshoremen's Act, as made applicable by the 1928 D.C. Act, provides a *comprehensive* scheme for compensating employees who are injured or killed in the course of employment. 466 A.2d at 463; *see also Johnson*, 467 U.S. at 931–32, 104 S.Ct. at 2831–32. In return for the guarantee of a practical and expeditious statutory remedy, employees relinquish their common-law tort remedies against employers for work-related injuries. *Garrett*, 466 A.2d at 463; *see Johnson*, 467 U.S. at 931, 104 S.Ct. at 2831.

Unsatisfied with the statutory *quid pro quo*, Hall contends that employees should be permitted to bring tort claims when the employer refuses to make timely compensation payments with an intent to injure. We could recognize such a cause of action, however, only by undoing the "legislated compromise between the interests of employees and the concerns of employers." *Johnson*, 462 U.S. at 931, 104 S.Ct. at 2831. Not only does the Act provide general immunity to employers from employee tort suits, 33 U.S.C. § 905(a) (1982), but it also provides a specific remedy for an employer's late payment of claims. *Id.* § 914(e), (f).

In our view, the *Garrett* court was clearly correct in concluding that the sort of tort claims advanced here fall within the Act's exclusivity provisions. *See also Texas Employers Insurance Association v. Jackson*, 618 F.Supp. 1316, 1319–22 (E.D.Tex.1985). *But see Martin v. Travelers Insurance Co.*, 497 F.2d 329 (1st Cir.1974).

*Denied.*