2002 OK 96

**C.C. KUYKENDALL, Appellant,**

v.

**GULFSTREAM AEROSPACE TECHNOLOGIES,**
**Appellee.**

No. 97,036.

Supreme Court of Oklahoma.

Dec. 17, 2002.

Rehearing Denied April 1, 2003.

Louis P. Falsetti, Brady, Schaulat & Falsetti, Oklahoma City, OK, for Appellant.

Gary C. Pierson, Shawn E. Harrell, Nathan L. Whatley, McAfee & Taft a Professional Corporation, Oklahoma City, OK, for Appellee.

WINCHESTER, J.

¶ 1 The issue before us is whether Oklahoma will recognize a tort for bad faith against a self-insured employer who failed to pay for medicine prescribed for its employee as ordered by a Workers' Compensation Court. We decline to create a common law remedy when the legislature has provided a statutory remedy in the Workers' Compensation Act.

¶ 2 On August 14, 2001, the appellant, C.C. Kuykendall, filed a petition in district court naming Gulfstream Aerospace Technologies, the appellee, as defendant. The petition alleged that Kuykendall filed pleadings in Workers' Compensation Court to reopen a prior court order for a change of condition, the worsening of a neck injury he had suffered. An order for permanent partial disability was filed on September 8, 2000, which was appealed to the Workers' Compensation Court En Banc. That court affirmed the trial court's order on November 29, 2000. The trial court's order provided that Gulfstream, a self-insured employer, should provide the claimant, Kuykendall, with continuing prescription medication from Dr. Steve Drabek to maintain Kuykendall's condition.

¶ 3 Kuykendall forwarded these prescription receipts to Gulfstream for reimbursement in January 2001. The total amount for the prescriptions was $2,629.78. Without an explanation, Gulfstream forwarded a check to Kuykendall for $1,311.89, and refused to pay the balance of the prescriptions, all of which were prescribed by Dr. Drabek. On January 18, 2001, Kuykendall filed pleadings in Work-

ers' Compensation Court to revoke Gulfstream's "own risk" permit. The court denied Kuykendall's request for revocation, but required Gulfstream to pay for the treatment. However, Gulfstream has continued to refuse to pay the balance for the prescriptions. Kuykendall subsequently filed his petition in district court.

¶ 4 The petition alleged that Gulfstream's actions were in bad faith and malicious, and that its disregard for the orders of the Workers' Compensation Court were without reason or justification. The petition asked for the balance for the prescriptions in the amount of $1,317.89, plus punitive damages. Gulfstream answered with a motion to dismiss claiming that the district court did not have subject matter jurisdiction, and that Kuykendall failed to state a claim against Gulfstream upon which relief could be granted. After Kuykendall responded, the trial court dismissed the case with prejudice. The court found that Kuykendall had failed to state a claim upon which relief could be granted because no viable cause of action existed for bad faith post-award conduct arising out of a workers' compensation case in Oklahoma. The Court of Civil Appeals reversed and remanded. We previously granted certiorari.

¶ 5 Gulfstream, in its petition for writ of certiorari, argues that the Court of Civil Appeals' opinion has created a new tort for bad faith post-award conduct in a workers' compensation case despite decisions by this Court to the contrary. Gulfstream cites three cases, *Fehring v. State Ins. Fund*, 2001 OK 11, 19 P.3d 276, *Anderson v. U.S. Fidelity and Guar. Co.*, 1997 OK 124, 948 P.2d 1216, and *Goodwin v. Old Republic Ins. Co.*, 1992 OK 34, 828 P.2d 431. Gulfstream quotes *Fehring:* "To date this Court has not unequivocally sanctioned the viability of a tort suit against a workers' compensation insurer for the bad faith post-award conduct of failing to timely pay a workers' compensation claim." *Fehring*, 2001 OK 11, ¶ 26, 19 P.3d at 284. To support that observation this Court cited the specially concurring and dissenting opinions in *Anderson.*

¶ 6 Kuykendall answers that the issue in *Fehring* was narrow. In that case a claimant

and his wife sued the State Insurance Fund (SIF) for bad faith failure to pay a workers' compensation award. Their petition alleged that the Workers' Compensation Court awarded Fehring permanent partial disability benefits. After the order became final, the benefits were not timely paid by the SIF. Another Workers' Compensation Court order issued because the SIF had not paid. After that order became final, SIF still refused to pay. The Court found that the Governmental Tort Claims Act (GTCA) protected the SIF against a bad faith cause of action. For an agency to be liable under the GTCA, the plaintiff must prove that the conduct of the agency's employee was within the employee's scope of employment. To be within the scope of employment, the employee's actions must be in good faith. If an agency's employee acted in bad faith, the employee would not be acting within the scope of employment and the agency would be immune under the act. Kuykendall concludes that *Fehring* did not exclude future recognition of a cause of action for bad faith post-award conduct. He urges that *Fehring* assumed such a cause of action existed, as had all prior decisions of this Court.

¶ 7 The *Goodwin* and *Anderson* cases, which are cited in *Fehring,* discuss bad faith refusal to pay an employee's workers' compensation award. Both cases assume for the purpose of resolving the issues that a workers' compensation insurance company may be subjected to liability in tort for willful, malicious, and bad faith refusal to pay. *Goodwin*, 1992 OK 34, ¶ 1, 828 P.2d at 431–432, *Anderson*, 1997 OK 124, ¶ 6, 948 P.2d at 1217. The discussion of bad faith in *Goodwin* led to a conclusion in *Whitson v. Oklahoma Farmers Union Mut. Ins. Co.*, 1995 OK 4, ¶ 8, 889 P.2d 285, 287, that *Goodwin* actually recognized an insurer's duty of good faith and fair dealing to the injured workers' compensation claimant. *Fehring* corrected that conclusion and observed that *Goodwin* merely assumed such a claim existed. *Goodwin*, 1992 OK 34, ¶¶ 1, 15, 17, 828 P.2d at 431–432, 435, 436; *Fehring*, 2001 OK 11, ¶ 26, n. 20, 19 P.3d at 284, n. 20.

¶ 8 No Oklahoma case holds that a workers' compensation insurer has a duty of

good faith in paying a workers' compensation award, the violation of which is a tort. A holding of a case declares the conclusion of law reached by the court as to the legal effect of the facts disclosed. *Black's Law Dictionary* 658, (5th ed.1979). "Holding" may be contrasted with *obiter dictum*, which is a statement in a decision that is unnecessary to support the conclusion reached. *American Trailers v. Walker*, 1974 OK 89, ¶ 18, 526 P.2d 1150, 1154. *Ratio decidendi* is the ground or reason of the decision and refers to a statement in a decision necessary to support the holding. *Black's Law Dictionary* 1135, (5th ed.1979). In *Goodwin* and *Anderson*, assumptions concerning a bad faith tort were made for the purpose of deciding the issues in the two workers' compensation cases, but no conclusion of law was reached regarding such a tort.

■ ¶ 9 Even if this Court were to recognize an insurer's duty to exercise good faith and fair dealing toward a worker's compensation claimant, that duty would not apply equally to a self-insured employer. The cited cases draw a distinction between workers' compensation insurers and self-insured employers. In *Goodwin* the Court cited the exclusivity provision, now codified as 12 O.S. 2001, § 12, which provides in pertinent part: "The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability *of the employer* . . . at common law or otherwise, for such injury, loss of services, or death . . . ." (Emphasis added.) The Court then contrasted the potential liability of an insurer with the liability of an employer and commented, *"It should be noted that the exclusivity provision of the statute relates to the liability of the employer— not that of the insurer."* (Emphasis in original.) *Goodwin*, 1992 OK 34, ¶ 5, 828 P.2d at 432. *Goodwin* continues, "Section 12 provides an exclusive remedy for one type of claim—work-related injuries i.e., the liability of the employer." *Goodwin*, 1992 OK 34, ¶ 12, 828 P.2d at 434. The case notes that a bad faith refusal to pay an insurance contract under its terms may be an intentional tort, but it will not extend to the employer, which is in a subclass entitled to protection. *Goodwin*, 1992 OK 34, ¶ 15, n. 17, 828 P.2d at 435, n. 17.

¶ 10 In *Whitson*, the claimant argued that his employer, which happened to be an insurance company, but not the carrier for workers' compensation, had a duty of good faith toward him tantamount to that owed by an insurance company to its insured. After citing the exclusivity provision, the Court referred to *Goodwin* and concluded that "an employer's liability to an injured worker is limited to that created by § 12 of the Workers' Compensation Act. *Whitson*, 1995 OK 4, ¶ 8, 889 P.2d at 287.

¶ 11 *Harter Concrete Products v. Harris*, 1979 OK 38, 592 P.2d 526, describes the purpose and effect of the Workers' Compensation statutes. These statutes were enacted to provide a substitute remedy to an employee for accidental injuries received during covered employment. The burden of proving negligence was removed. In exchange, the employer is protected from any other liability to the employee. *Harter* held that this protection extended to all liability, whether direct or indirect, resulting from the employee's injuries. *Harter*, 1979 OK 38, ¶ 7, 592 P.2d at 528. Accordingly, the self-insured employer's liability is limited to that provided by the Workers' Compensation statutes.

■ ¶ 12 The Workers' Compensation Act provides remedies available to employees when their employers or insurance companies violate a provision. Section 42 sets forth the sole remedy available when there is a failure to pay compensation due under the terms of an award. *Lum v. Lee Way Motor Freight*, 1987 OK 112, ¶ 28, 757 P.2d 810, 818. Title 85 O.S.2001, § 42(A) provides in pertinent part:

If payment of compensation or an installment payment of compensation due under the terms of an award . . . is not made within ten (10) days after the same is due by the employer or insurance carrier liable therefor, the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall have the same force and be subject to the same law as judgments of the district court. Any compensation awarded and all payments thereof directed to be made by

order of the Court, except in the case of an appeal of an award ... shall bear interest at the rate of eighteen percent (18%) per year from the date ordered paid by the Court until the date of satisfaction.... Upon the filing of the certified copy of the Court's award a writ of execution shall issue and process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by Title 12 of the Oklahoma Statutes; provided, however, the provisions of this section relating to execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which may hereafter be adopted relating to liens or enforcement of awards or claims for compensation.

¶ 13 This statute provides the remedy for an employee to collect from the self-insured employer who refuses to pay the amount awarded by the workers' compensation court. When a certified copy of the award is filed in the offices of the court clerk of a county, and entered on the judgment docket, that certified unpaid award effectively becomes and is enforceable as a district court judgment. Enforcement proceedings may then be conducted in the district courts. *Bishop v. Wilson Quality Homes,* 1999 OK 60, ¶ 6, 986 P.2d 512, 514. The exclusivity statute, 12 O.S.2001, § 12, supports our conclusion that no common law remedy is available against an employer which is self-insured even though he fails to pay an award of the workers' compensation court. The wronged employee must follow the remedy provided by 85 O.S.2001, § 42(A).

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.**

¶ 14 HARGRAVE, C.J., LAVENDER, OPALA, SUMMERS, WINCHESTER, JJ., concur.

¶ 15 WATT, V.C.J., HODGES, KAUGER, BOUDREAU, JJ., dissent.

HODGES, J., dissenting, with whom WATT, V.C.J. and BOUDREAU, J. join.

¶ 1 In 1915, Oklahoma workers and employers became parties to an "industrial bargain" imposed by statute. Employers gave up their common law defenses of contributory negligevice, assumption of risk, and the fellow servant doctrine. They received fixed no-fault liability. Employees gave up their common law right to sue in district court. In return they received wage benefits and medical care as their exclusive remedy under the Workers' Compensation Act.

¶ 2 The cost of these benefits is placed on the consumer through the medium of insurance, the premium cost of which is passed on in the price of products or services. An employer may purchase workers' compensation insurance or elect, under certain criteria, to become self-insured. Insurers, or employers functioning as an insurer, have never been parties to the industrial bargain.

¶ 3 Today, this Court extends the exclusive remedy provisions of the Workers' Compensation Act to insurers, thus relieving them of their common law duty to deal fairly and act in good faith. This gift to workers' compensation insurers is not authorized by the Act, nor is it supported by precedent. To the contrary this Court has noted that *"the exclusivity provision of the statute relates to the liability of the employer—not that of the insurer." Goodwin v. Old Republic Insurance Co.,* 828 P.2d 431, 432 (Okla.1992).

¶ 4 Section 42(A), as this Court held in *Lum v. Lee Way Motor Freight,* 757 P.2d 810, 818 (Okla.1987), "sets forth the sole remedy available when there is a failure to pay compensation due under the terms of an award." *Lum,* however, did not involve an insurer. It enforced a guaranty of a parent corporation for payment of the workers' compensation awards of the employees of its defunct trucking company. Nothing in *Lum* or in any of the decisions relied upon by the majority addressed the issue of whether the industrial bargain extends to workers' compensation insurers or employers acting as the functional equivalent of an insurer. *See Whitson v. Oklahoma Farmers Union Mut. Ins. Co.,* 889 P.2d 285, 287 (Okla.1995) (exclusivity provision "applies expressly to employ-

ers, although not to workers' compensation carriers"); *Harter Concrete Prods. v. Harris,* 592 P.2d 526, 528, (Okla.1979) (employer could not be joined as third party in workers' personal injury action against product manufacture in view of exclusive remedy provision). There is simply no reason that a workers' compensation insurer or its functional equivalent should be exempt from the duty of good faith and fair dealing imposed on every other insurer.

¶ 5 Today's extension of the industrial bargain to insurers is legally unjustified for another reason. An insurer's refusal to deal fairly and act in good faith is an *intentional* tort. *Buzzard v. Farmers Ins. Co., Inc.,* 824 P.2d 1105, 1109 (Okla.1991). As such, it lies wholly outside the no-fault mechanism of workers' compensation.

¶ 6 Workers' compensation was constructed to address "accidental personal injury." Okla. Stat. tit. 85, § 11 (2001). That jurisdictional element of a workers' compensation claim is missing when an insurer or a self-insured employer willfully inflicts injury by refusing to pay an award out of animosity towards the claimant or the Workers' Compensation Court. In such a situation, the injured worker should be allowed to seek redress for the insurer's conduct in the district court.

¶ 7 This Court has never indicated that a self-insured employer is entitled to the benefit of the Act's exclusive remedy provision when, while acting as an insurer, it wrongfully and intentionally refuses to pay a workers' compensation award. I would hold that a workers' compensation insurer or a self-insured employer standing in an insurer's

shoes faces liability for its bad faith refusal to pay the for medical care or wage benefits provided in a workers' compensation award.

KAUGER, J., with whom Watt, V.C.J., Hodges and Boudreau, JJ. join, dissenting:

¶ 1 A single, first impression question of law is presented: whether a self-insured employer is shielded by the Workers' Compensation Act, 85 O.S.2001 § 1, *et seq.* from tort liability for the intentional, bad faith refusal to pay post-award benefits. Although I express no opinion on whether the facts in this cause would support such an award, I dissent from the majority's determination that the Workers' Compensation Act precludes recovery for the intentional, tortious, post-award acts of a self-insured employer. The majority's position is not supported by legislative mandate, our opinions considering the nature of bad faith actions in the workers' compensation arena or well reasoned extant jurisprudence.

### FACTS

¶ 2 While in the employ of the defendant/appellee, Gulfstream Aerospace Technologies (employer), the plaintiff/appellee, C.C. Kuykendall (employee), suffered a work-related injury. The employer is self insured for purposes of guaranteeing payment of its workers' compensation obligations.[1]

¶ 3 On September 8, 2001, the employee was successful in having the workers' compensation cause reopened based on a change in condition for the worse. The employer appealed to the Workers' Compensation Court *en banc.* In an order dated November

---

**1.** Title 85 O.S.2001 § 61 provides in pertinent part:

"A. An employer shall secure compensation to his employees in one of the following ways: ... 4. By furnishing satisfactory proof to the Administrator of the employer's financial ability to pay such compensation....

C. An employer who fails to comply with the provisions of this section shall be subject to the penalty provided for in Section 12 of this title...."

Title 85 O.S.2001 § 12 provides in pertinent part:

"The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer ... at common law or

otherwise, for such injury, loss of services, or death, to the employee, or the spouse, personal representative, parents, or dependents of the employee, or any other person. If an employer has failed to secure the payment of compensation for his injured employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee ..."

29, 2000, the Court *en banc* affirmed the trial court, specifically ordering the employer to provide the employee with continuing prescription medication. The following January, the employee forwarded prescription receipts to his employer totaling $2,629.78. Although the employer reimbursed expenditures of $1,311.89, it refused to pay the balance of $1,317.89. Thereafter, the employee tried, but was unsuccessful, in having the employer's own-risk permit revoked. Nevertheless, the Workers' Compensation Court determined that the employee's medical treatment was reasonable and necessary. Further, in a second order dated April 30, 2001, the employer was again directed to provide treatment. The employer ignored the second directive to pay.

¶ 4 Almost a year after the employer was initially ordered to pay the costs of the employee's prescription drugs and five months after the second order for reimbursement, the employee filed this cause in district court. The employee sought actual and punitive damages for his employer's bad faith, malicious, post-award conduct in refusing to pay for the court-ordered prescription drugs.

¶ 5 On October 23, 2001, the trial court granted the employer's motion to dismiss with prejudice finding that Oklahoma did not recognize a bad faith cause of action for post-award conduct arising from a workers' com-

pensation case. Determining that the employee had stated a valid claim for bad faith post-award conduct, the Court of Civil Appeals reversed and remanded the cause on February 15, 2002. We granted certiorari review on April 22, 2002.

¶ 6 **THE MAJORITY'S REFUSAL TO RECOGNIZE A CAUSE OF ACTION FOR THE POST-AWARD BAD FAITH BREACH OF A WORKERS' COMPENSATION INSURER IS UNSUPPORTED BY LEGISLATIVE MANDATE, OUR OPINIONS CONSIDERING THE NATURE OF BAD FAITH ACTIONS IN THE WORKERS' COMPENSATION ARENA OR WELL-REASONED EXTANT JURISPRUDENCE.**

¶ 7 The employer argues that Oklahoma jurisprudence will not support the recognition of a bad faith claim for post-award conduct in the workers' compensation arena. Further, the employer asserts that 85 O.S. 2001 § 11,[2] commonly referred to as the exclusivity provision, shields it from all liability not imposed under the workers' compensation statutes. Finally, the employer insists that 85 O.S.2001 § 42 provides the exclusive mechanism for enforcement of an employee's workers' compensation award.[3] In contrast,

---

**2.** Title 85 O.S. Supp.2001 § 11 provides in pertinent part:

"A. Every employer subject to the provisions of the Workers' Compensation Act shall pay, or provide as required by the Workers' Compensation Act, compensation according to the schedules of the Workers' Compensation Act for the disability or death of an employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of employment, without regard to fault as a cause of such injury . . . "

Section 11 has been amended since the date of injury. Nevertheless, because the quoted language is identical to that of the 1996 statute, references are to the current version.

**3.** Title 85 O.S.2001 § 42 provides in pertinent part:

"A. If payment of compensation or an installment payment of compensation due under the terms of an award, except in the case of an appeal of an award or an award from the Multiple Injury Trust Fund, is not made within ten (10) days after the same is due by the employer or insurance carrier liable therefore,

the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall have the same force and be subject to the same law as judgments of the district court. Any compensation awarded and all payments thereof directed to be made by order of the Court, except in the case of an appeal of an award or an award of compensation from the Multiple Injury Trust Fund, shall bear interest at the rate of eighteen percent (18%) per year from the date ordered paid by the Court until the date of satisfaction.... Upon the filing of the certified copy of the Court's award a writ of execution shall issue and process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by Title 12 of the Oklahoma Statutes; provided, however, the provisions of this section relating to execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which may hereafter be adopted relating to liens or enforcement of awards or claims for compensation.

the employee contends that the Workers' Compensation Act does not prohibit his recovery and that our cases support the recognition of a bad faith cause of action for a self-insured employer's post-award conduct.

¶ 8 Here, the employer is wearing two hats, that of employer and that of an insurer. The insurer's hat was substituted for the employer's hat once the Workers' Compensation Court ordered payment of prescription expenses. The same protections accorded to an employer under the Workers Compensation Act do not extend to that of an insurer.[4] The liability of self-insured or own-risk employers is analogous to that of insurance carriers.[5] The self-insured or own-risk employer voluntarily assumes the status as insurer.[6] There simply is no distinction between a workers' compensation insurance carrier and an employer who voluntarily assumes self-insured status.[7] Therefore, if an insurer may be sued for bad faith, a similar cause of action will lie against the self-insured employer.[8]

## I.

¶ 9 **A. AN INJURED EMPLOYEE MAY MAINTAIN A COMMON LAW ACTION FOR DAMAGES IF THE EMPLOYER FAILS TO SECURE THE PAYMENT OF COMPENSATION FOR THE INJURIES.**

¶ 10 Title 85 O.S.2001 § 61 [9] requires an employer to secure compensation to employees for work-related injuries. Employers who fail to secure compensation are subject to the penalty provisions of § 12 of the Workers Compensation Act allowing an employee or a representative to maintain an action in district court for work-related injuries.[10] Title 12 O.S.2001 § 12 provides in pertinent part:

"... If an employer has failed to secure the payment of compensation for his injured employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee ..."

The legislatively-imposed penalties are severe. The employer is striped of the defenses of negligence of a fellow servant, assumption of the risk and the employee's contributory negligence.[11]

¶ 11 Equally onerous is the legislatively-prescribed penalty for an insurer's intentional, knowing or wilful violation of other provisions of the Workers' Compensation Act, associated rules or regulations—suspension or revocation of the insurer's license or authority to do business in Oklahoma. Title 85 O.S.2001 § 42(B) provides:

B. If any insurance carrier intentionally, knowingly, or willfully violates any of the provisions of the Workers' Compensation Act or any published rules or regulations promulgated thereunder, the Insurance Commissioner, on the request of a judge of the Court or the Administrator, shall suspend or revoke the license or authority of such insurance carrier to do a compensation business in this state."

4. *Whitson v. Oklahoma Farmers Union Mutual Ins. Co.*, 1995 OK 4, ¶ 8, 889 P.2d 285.

5. *Lum v. Lee Way Motor Freight, Inc.*, 1987 OK 112, ¶ 30, 757 P.2d 810; *Falline v. GNLV Corp.*, see note 33, infra.

6. *Reedy v. White Consolidated Indus., Inc.*, 503 N.W.2d 601–02 (Iowa 1993).

7. *Id.*

8. *White v. Northwestern Bell Tele. Co.*, 514 N.W.2d 70, 77 (Iowa 1994). See also, *Arp v. AON/Combined Ins. Co.*, note 33, infra; *Balyint v. Arkansas Best Freight Sys., Inc.*, note 33, infra.

9. Title 85 O.S.2001 § 61(A) allows employers to secure compensation through a workers' compensation insurance policy, by obtaining guaranty insurance, by an agreement with employees through which a scheme of compensation in lieu of workers' compensation benefits is provided or by furnishing proof of the employer's financial ability to pay workers' compensation benefits.

10. Title 85 O.S.2001 § 61(B) provides:

"An employer who fails to comply with the provisions of this section shall be subject to the penalty provided for in Section 12 of this title."

11. Title 85 O.S.2001 § 12, see note 1, supra.

"If any insurance carrier intentionally, knowingly, or willfully violates any of the provisions of the Workers' Compensation Act or any published rules or regulations promulgated thereunder, the Insurance Commissioner, on the request of a judge of the Court or the Administrator, shall suspend or revoke the license or authority of such insurance carrier to do a compensation business in this state."

¶ 12 Coverage or the ability to pay are not at issue here, and there is no question that the self-insured employer provided some workers' compensation benefits. The dispositive issue is whether the employer secured payment of compensation for its employee's injuries. The employee has not been paid for expenses which twice have been determined by the Workers' Compensation Court to be for a work-related injury. The employer has ignored two orders issued from the Workers' Compensation Court.

¶ 13 The common law remains in full force in Oklahoma, unless a statute explicitly provides to the contrary.[12] Both 12 O.S.2001 § 2[13] and 25 O.S.2001 § 29[14] require that statutes in derogation of the common law be liberally construed with a view to effecting their objects and to promoting justice. This Court may not preclude an injured person from pursuing the remedy of a recognized wrong in the absence of contrary legislative intent.[15] The Legislature has not barred an employee's bad faith action. Rather, it has specifically effectuated its intent that employers who fail to provide coverage will be subject to suit in district court.

¶ 14 This Court should not—in the presence of statutory language which contemplates that employers who do not secure workers' compensation benefits are subject to suit in district court and in the absence of the expressed legislative intent to deprive an employee of the bad faith cause of action—bar a post-award suit for the intentional tort in district court. It is difficult to fathom how the employee—who remains unpaid for court-ordered benefits—is in a position much improved from the employee who finds his employer has obtained no coverage. In both instances, the employee may well remain unpaid for a work-related injury.

¶ 15 **B. INTENTIONAL ACTS OF BAD FAITH DO NOT FALL WITHIN THE RUBRIC OF "ACCIDENTAL" INJURIES COMPENSABLE UNDER THE WORKERS' COMPENSATION ACT.**

¶ 16 Section 11[16] of the Workers' Compensation Act makes employers liable for scheduled compensation for the disability or death of an employee resulting from an "accidental personal injury." As defined, "injury or personal injury" means "only accidental injuries."[17] The exclusivity provision, 85 O.S. 2001 § 12, provides that the liability prescribed in § 11—liability for accidental inju-

---

**12.** Title 12 O.S.2001 § 2 provides:
  "The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object."
  *Ricks Exploration Co. v. Oklahoma Water Res. Bd.*, 1984 OK 73, ¶ 14, 695 P.2d 498.

**13.** Title 12 O.S.2001 § 2, see note 12, supra.

**14.** Title 25 O.S.2001 § 29 provides:
  "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the laws of this state, which are to be liberally construed with a view to effect their objects and to promote justice."

**15.** *Goodwin v. Old Republic Ins. Co.*, 1992 OK 34, ¶ 15, 828 P.2d 431.

**16.** Title 85 O.S.2001 § 11, see note 2, supra.

**17.** Title 85 O.S.2001 § 3 provides in pertinent part:
  "As used in the Workers' Compensation Act:
  ... (12)(a) 'Injury' or 'personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infections as may naturally result therefrom and occupational disease arising out of and in the course of employment as herein defined. Provided, only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deemed to arise out of the employment. ..."

ry—shall be exclusive and in place of all other employer liability.[18]

¶ 17 Recovery for damages associated with the intentional tort of bad faith simply do not fall within the exclusive jurisdiction of the Workers' Compensation Court.[19] Such provisions are irrelevant to causes of action not encompassed within the statutory scheme.[20] No one asserts that had the employer intentionally knifed the employee in the back, the employee would be entitled to sue in district court for damages associated with an intentional assault and battery. Here, the employer has intentionally stabbed the employee in the pocketbook while under two court orders to make payment. The mode of recovery should not vary based on the nature of the intentional tort.

¶ 18 **C. AS A STATUTORILY DEFINED THIRD–PARTY BENEFICIARY OF THE WORKERS' COMPENSATION INSURANCE CONTRACT, THE EMPLOYEE MAY MAINTAIN A BAD FAITH CAUSE OF ACTION AGAINST THE INSURER.**

¶ 19 This Court first recognized a cause of action in tort for an insurance company's bad faith refusal to pay a valid insurance claim in *Christian v. American Home Assurance Co.*, 1977 OK 141, 577 P.2d 899. The duty arises from the recognition that a substantial part of the right purchased by an insured is the right to receive policy benefits promptly.[21] The implied-in-law duty of good faith and fair

dealing extends to all types of insurance companies and insurance policies.[22] However, the insurer's duty to deal fairly and act in good faith is limited. It does not extend to every party entitled to payment. Rather, there must be a contractual or statutory relationship between the insurer and the party asserting the bad faith claim.[23]

¶ 20 The Workers' Compensation Act sets forth a compensation scheme that is based on a three-party agreement entered into by the employer, the employee and the compensation carrier. An employee is not merely a potential claimant in relation to his or her employer's workers' compensation insurance contract. Title 85 O.S.2001 § 65.3 provides in mandatory language:

> "**Every contract** of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act **shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected** under such policy for the payment of benefits ... **which contract may be enforced by such employee as the beneficiary thereof.**" [Emphasis supplied.]

Under § 65.3, employees are specifically denominated as third party beneficiaries with the express right to enforce the workers' compensation insurance contract.[24]

---

18. *Davis v. CMS Continental Natural Gas, Inc.*, 2001 OK 33, ¶ 11, 23 P.3d 288.

19. *Travelers Ins. Co. v. Savio*, see note 33 at 1270, infra; *Baker v. American States Ins. Co.*, see note 33, infra.

20. *Brazier v. Travelers Ins. Co.*, see note 33 at 544, infra.

21. *Goodwin v. Old Republic Ins. Co.*, see note 15 at ¶ 8, supra; *Christian v. American Home Assurance Co.*, 1977 OK 141, ¶ 24, 577 P.2d 899.

22. *Roach v. Atlas Life Ins. Co.*, 1989 OK 27, ¶ 8, 769 P.2d 158; *Rodgers v. Tecumseh Bank*, 1988 OK 36, ¶ 12, 756 P.2d 1223; *McCorkle v. Great Atlantic Ins. Co.*, 1981 OK 128, ¶ 27, 637 P.2d 583.

23. *Roach v. Atlas Life Ins. Co.*, see note 22, supra; *Allstate Ins. Co. v. Amick* 1984 OK 15,

¶ 14, 680 P.2d 362; *Timmons v. Royal Globe Ins. Co.*, 1982 OK 97, ¶ 13, 653 P.2d 907.

24. Title 85 O.S.2001 § 65.3 provides:

"Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workers' Compensation Act shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by the Workers' Compensation Act regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment,

¶ 21 Insurers owe a duty of good faith to employees deemed to be a third-party beneficiaries of a workers' compensation insurance contract.[25] Employees, statutorily recognized as third party beneficiaries, should be allowed to recover for bad faith breaches. It is not for this Court to presume that the Legislature, after giving employees the legal posture to pursue a bad faith breach, expected that we would deny the right with the stoke of a judicial pen.

## ¶ 22 D. THE PENALTY PROVISION OF THE WORKERS' COMPENSATION ACT IS INADEQUATE TO MAKE AN EMPLOYEE WHOLE FOR INJURIES CAUSED BY THE INSURER'S BAD FAITH BREACH.

¶ 23 Pursuant to 42 O.S.2001 § 42, an employee may proceed to district court for enforcement of a workers' compensation award when the benefits are not paid in ten days. The employee may either convert the award to an enforceable judgment bearing interest at the rate of eighteen percent or seek suspension or revocation of the insurer's authority to act as a compensation insurer.[26]

¶ 24 Section 42 does not have a provision allowing the award of attorney's fees—an employee seeking imposition of either of the penalties will be required to expend a portion of the recovered award and interest in compensation of legal counsel. In a bad faith action, the employee would be entitled to the award.[27] The employee could also seek other items of recovery consistent with the harm flowing from the bad faith breach, including punitive damages.[28]

¶ 25 The penalty provision should not be construed to prevent a bad faith claim. The procedures for enforcement may result in the employee ultimately recovering the award's payment plus interest. However, the employee will be responsible for satisfying any debt incurred as attorney fees in an attempt to collect the benefits. The statute does not allow for recovery of attorney fees. It provides no vehicle for the collection of other items associated with the refusal to pay a twice, court-ordered award for a bad faith claim such as punitive damages. Section 43 simply provides no vehicle through which to make the employee whole.

¶ 26 Under the facts presented, the majority has effectively left the employee with no satisfaction. The employee did attempt to get the employer's self-insured status suspended or revoked. The record is unclear why the request was denied, but it is undisputed that it was. Also, with only $1,317.89 left unpaid, it is doubtful that the employee could even afford to hire an attorney to pursue enforcement of the judgment—to do so would most certainly cost more than the benefits and interest he might eventually be awarded. There is absolutely no reason to believe that the employer would be any more likely to respond to the district court's order than he was to those of the Workers' Compensation Court. Even with an enforceable judgment, the employee would most likely come away empty handed and with an attorneys' fee to pay.

¶ 27 Finally, the fact that an essentially administrative penalty is provided in the Workers' Compensation Act to encourage prompt payment of awards should not preclude suit for bad faith breach of the insurance contract. Attorneys, doctors, teachers and other professionals may be subject to discipline through administrative procedures. Nevertheless, provision for such professional discipline will not preclude malpractice actions. It should not preclude an action for bad faith breach of the workers' compensation insurance contract.

which contract may be enforced by such employee as the beneficiary thereof."
*PFL Life Ins. Co. v. Franklin*, 1998 OK 32, ¶ 14, 958 P.2d 156; *State Ins. Fund v. Brooks*, 1988 OK 50, ¶ 7, 755 P.2d 653.

25. *National Union Fire Ins. Co. of Pittsburgh v. McDougall*, see note 33, infra.

26. Title 85 O.S.2001 § 42, see note 3, supra.

27. *Taylor v. State Farm Fire & Casualty Co.*, 1999 OK 44, ¶¶ 11–14, 981 P.2d 1253.

28. *Barnes v. Oklahoma Farm Bureau Mutual Ins. Co.*, 2000 OK 55, ¶ 44, 11 P.3d 162.

## II.

¶ 28 OKLAHOMA JURISPRUDENCE HAS LED EMPLOYEES TO REASONABLY EXPECT FAIR DEALING AND HAS PUT WORKERS' COMPENSATION INSURERS ON NOTICE THAT ACTING IN BAD FAITH MAY SUBJECT THE INSURER TO TORT DAMAGES.

¶ 29 Our most recent pronouncement concerning the possibility of bringing a bad faith action for post-award conduct in the workers' compensation arena, *Fehring v. State Ins. Fund,* 2001 OK 11, 19 P.3d 276, is factually distinguishable. Granted, in *Fehring,* we stated that there had been no unequivocable sanction of the viability of a tort suit against a workers' compensation insurer for the bad faith post-award conduct of failing to timely pay a workers' compensation award. Further, the majority relied upon 85 O.S. § 2001 § 42 as providing an enforcement mechanism for payment of workers' compensation awards. In so doing, we espoused no reason for recognizing a monetary sanction over that provided by the Workers' Compensation Act.

¶ 30 Nevertheless, *Fehring* did not involve either an insurance company or a self-insured employer's failure to pay a workers' compensation award. Rather, it determined that the State Insurance Fund was a state entity entitled to immunity under the Governmental Tort Claims Act, 51 O.S.2001 § 151 *et seq.* and that the employee could not avoid the immunity issue by recasting the cause as contractually based. In short, *Fehring* was most concerned with the immunity associated with a governmental agency—not with whether a private insurer might be held liable for a bad faith breach of a workers' compensation insurance policy.[29]

29. It is noteworthy that the author of *Fehring v. State Ins. Fund,* 2001 OK 11, 19 P.3d 276, also authored a dissent to the Court's opinion in *Anderson v. United States Fidelity & Guaranty Co.,* 1997 OK 124, 948 P.2d 1216. *Anderson,* this note supra, held that no bad faith claim could be pursued for pre-award conduct in the workers' compensation arena. The two propositions of the dissent provided:
"PART I. A WORKERS' COMPENSATION CLAIMANT IS OWED BY A WORKERS' COMPENSATION CARRIER A DUTY OF

¶ 31 In *Goodwin v. Old Republic Ins. Co.,* 1992 OK 34, 828 P.2d 431, we began by assuming that a workers' compensation bad faith insurer could be held liable for its bad faith refusal to pay a valid claim. We determined in *Goodwin* that no award could be sustained on the insurer's failure to pay the claim within eighteen days of the award. Nevertheless, several things in *Goodwin* were found to be indisputable. The opinion provides:

"It is undisputed that intentional acts are statutorily excluded under the Workers Compensation Act. It is undisputed that the bad faith refusal to pay an insurance contract under its terms may be an intentional tort. It is undisputed that 15 O.S. 1982 § 29 authorizes a third party beneficiary to enforce the terms of a contract made for the party's benefit. It is indisputable that 85 O.S.1981 § 65.3 declares that insurance coverage is secured for the benefit of the worker and that the worker is the third party beneficiary under the policy. **If an employee is injured by an insurer's bad faith-intentional failure to pay benefits under an award, the employee has a common law action in tort under the *Christian* doctrine.**" [Footnotes omitted. Emphasis supplied.]

The same premises indisputable and undisputed in *Goodwin* remain so today. Only accidental injuries are covered by the Workers' Compensation Act. Third party beneficiaries may enforce contract terms made for their benefit. Bad faith breaches may be intentional torts. Employees continue to be third party beneficiaries of the workers' compensation insurance contract. These employees should be allowed to enforce the terms of the contract and to bring suit in district court for the contract's bad faith breach.

**GOOD FAITH AND FAIR DEALING WITH RESPECT TO THE PRE–AWARD HANDLING OF A WORKERS' COMPENSATION INSURANCE CLAIM AND CLAIMANT HAS STANDING TO BRING A BAD FAITH CLAIM AGAINST THE CARRIER."**
"PART II. THIS COURT'S PREVIOUS CASES DO NOT PRECLUDE A COMMON LAW TORT CLAIM AGAINST THE CARRIER FOR PRE–AWARD BAD FAITH CONDUCT." [Emphasis in original.]

¶ 32 *Anderson v. United States Fidelity & Guaranty Co.*, 1997 OK 124, 948 P.2d 1216 presented the issue of whether an insurer's pre-award conduct would support a tort action for the bad faith of the workers' compensation insurance carrier. While we disallowed a claim for pre-award conduct, we noted that *Goodwin*, supra, recognized that a bad faith claim **was separate and apart from the work relationship and that it arose against the insurer only after an award had been entered.**

¶ 33 Perhaps the most obvious signal to workers' compensation insurers of the need to act in good faith is *YWCA of Oklahoma City v. Melson*, 1997 OK 81, 944 P.2d 304. In *YWCA*, a workers' compensation self-insured group attempted to prohibit the production of financial documents the employee sought for in-trial proof to support an actual and punitive damages claim for the bad faith failure to pay a workers' compensation award. This Court held in *YWCA* that the documents were discoverable with consideration being made for the protection of sensitive materials. Although the existence of a bad faith claim was not presented for resolution in the cause, we allowed the discovery of materials intended to be utilized for the purpose of gaining a damages award in tort.

¶ 34 When considered together—*Fehring, Goodwin, Anderson* and *YWCA*—have forecast, to insurance carriers and self-insured employers, the need to act in good faith to avoid tort liability. With those cases as a part of Oklahoma's jurisprudence, it is reasonable both for the employee to expect fair dealing and for insurers and self-insured employers to be required to act in good faith.[30]

¶ 35 The only intellectually honest thing to do—if the majority is going to prohibit post-award bad faith actions in district court—is to overrule *Fehring, Goodwin, Anderson* and *YWCA*. Otherwise, the Court has left the impression that there may be some opportunity for the bringing of a bad faith action when it has precluded such actions against both insurers and self-insured employers. The fact that the employer here is self-insured will not prohibit the application of this case to one involving an insurance company. The liability of self insured or own risk employers is identical to that of insurance carriers.[31] There is no distinction between a workers' compensation insurance carrier and an employer who voluntarily assumes self-insured status.[32] Therefore, if a self-insured employer is not subject to suit for its post-award bad faith conduct, an insurer will not be liable for the same tortious acts. There simply will be no avenue for the bringing of a bad faith tort claim associated with any workers' compensation cause.

## II.

¶ 36 **WELL–REASONED EXTANT JURISPRUDENCE—NEITHER CONSIDERED NOR ANALYZED BY THE MAJORITY—SUPPORTS THE RECOGNITION OF THE TORT OF BAD FAITH FOR POST–AWARD CONDUCT.**

¶ 37 Just as the employer ignored two court orders to pay for the employee's pre-

---

**30.** *Davis v. CMS Continental Natural Gas, Inc.*, 2001 OK 33, ¶ 16, 23 P.3d 288 indicates that an employer, within the employer-employee working relationship, may be held liable for wilful and wanton acts resulting in an employee's on-the-job injury. The Court of Civil Appeals has issued two opinions relating to bad faith in the workers' compensation context. In both causes, we denied certiorari. The Court of Civil Appeals in *Cooper v. National Union Fire Ins. Co. of Pittsburgh*, 1996 OK CIV APP 52, 921 P.2d 1297 held that only the workers' compensation insurer's post award conduct was relevant on the issue of bad faith and that there was sufficient evidence to support submission of the bad faith and punitive damages issues to the jury. In *Heintz v. Trucks For You, Inc.*, 1999 OK CIV APP 64, 984 P.2d 255, the appellate court determined that an employer's pre-award conduct was insufficient to support a bad faith claim and delaying payment while appealing an award was insufficient to demonstrate the tort. Both *Cooper* and *Heintz*, this note supra, were released for publication by order of the Court of Civil Appeals, are persuasive only, and lack precedential effect. Rule 1.200, Supreme Court Rules, 12 O.S.2001, Ch. 15, App. 1.

**31.** *Lum v. Lee Way Motor Freight, Inc.*, see note 5, supra; *Falline v. GNLV Corp.*, see note 33, infra.

**32.** *Reedy v. White Consolidated Indus., Inc.*, see note 6, supra.

scription drugs, the majority ignores persuasive extant jurisprudence supporting the imposition of a bad faith cause of action for post-award conduct. The majority makes no reference to extant jurisprudence. Nevertheless, many courts have considered wheth-er workers' compensations statutes similar to Oklahoma's prohibit the institution of bad faith claims against insurers.[33] This Court, like several others presented with the issue of whether such a claim will lie in the pre-award context, has determined that the dis-

**33.** Courts allowing recovery for bad faith. *Arp v. AON/Combined Ins. Co.*, 300 F.3d 913, 915 (8th Cir.2002); *Buote v. Verizon New England*, 190 F.Supp.2d 693, 707 (D.Vermont 2002); *Brazier v. Travelers Ins. Co.*, 602 F.Supp. 541, 548 (N.D. Georgia 1984); *Walls v. Franklin Corp.*, 797 So.2d 973, 977 (Miss.2001); *Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 396 (Iowa 2001); *National Union Fire Ins. Co. of Pittsburgh v. McDougall*, 773 A.2d 388, 391–92 (Delaware 2001), *rehearing/reargument denied en banc; Hough v. Pacific Ins. Co., Ltd.*, 83 Hawai'i 457, 927 P.2d 858, 866 (1996); *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 666 (Texas 1995); *Falline v. GNLV Corp.*, 107 Nev. 1004, 823 P.2d 888, 893 (1991); *Balyint v. Arkansas Best Freight Sys., Inc.*, 18 Ohio St.3d 126, 480 N.E.2d 417, 420 (1985); *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1270 (Colo.1985); *Hayes v. Aetna Fire Underwriters*, 187 Mont. 148, 609 P.2d 257, 261, 8 A.L.R.4th 892 (1980); *Coleman v. American Universal Ins. Co.*, 86 Wis.2d 615, 273 N.W.2d 220 (1979); *Markgraf v. Douglas Corp.*, 468 N.W.2d 80, 82 (Minn.App.1991); *Baker v. American States Ins. Co.*, 428 N.E.2d 1342, 1345 (Ind. App.1981). See also, *Jablonski v. Royal Globe Ins., Co.*, 204 Cal.App.3d 379, 251 Cal.Rptr. 160, 168 (1988) [Insurer's intentional destruction of evidence relates to cause of action outside sphere of workers' compensation system. Employee allowed to proceed on basis of fraud and spoliation of evidence.]. See generally, Annot., *"Tort Liability of Worker's Compensation Insurer for Wrongful Delay or Refusal to Make Payments Due"*, 8 A.L.R.4th 902 (1981); Annot. *"What Conduct is Willful, Intentional, or Deliberate Within Workmen's Compensation Act Provision Authorizing Tort Action for Such Conduct,"* 96 A.L.R.3d 1064 (1979).

Courts refusing to acknowledge the tort of bad faith. *Breton v. Travelers Ins. Co.*, 147 F.3d 58, 63 (1st Cir.1998); *Winterberg v. Transportation Ins. Co.*, 72 F.3d 318, 324 (3rd Cir.1995); *Barnard v. Zapata Haynie Corp.*, 1993 A.M.C. 402, 975 F.2d 919, 921 (1st Cir.1992); *Hall v. C & P Telephone Co.*, 253 U.S.App.D.C. 368, 372, 793 F.2d 1354 (D.C.App.1986), *reh'ng denied*, 258 U.S.App.D.C. 83, 809 F.2d 924 (1987); *Hobbs v. Alabama Power Co.*, 775 So.2d 783, 787 (Ala. 2000); *Idaho State Ins. Fund v. Van Tine*, 132 Idaho 902, 906, 980 P.2d 566, 570 (1999); *Cianci v. Nationwide Ins. Co.*, 659 A.2d 662, 667 (R.I.1995); *Liberty Mutual Ins. Co. v. Coleman*, 313 Ark. 212, 852 S.W.2d 816, 818 (1993); *Wolf v. Scott Wetzel Serv., Inc.*, 113 Wash.2d 665, 782 P.2d 203, 209 (1989); *Ancrum v. United States Fidelity & Guar. Co.*, 301 S.C. 32, 389 S.E.2d 645–46 (1989); *Zurich Ins. Co. v. Mitchell*, 712 S.W.2d 340 (Ky.1986); *Aetna Cas. & Surety Co. v. Davis*, 253 Ga. 376, 320 S.E.2d 368, 370 (1984); *Hormann v. New Hampshire Ins. Co.*, 236 Kan. 190, 689 P.2d 837, 843 (1984); *Robertson v. Travelers Ins. Co.*, 95 Ill.2d 441, 69 Ill.Dec. 954, 958, 448 N.E.2d 866 (1983); *Taylor v. United States Fidelity & Guaranty*, 420 So.2d 564–65 (Miss.1982); *Meyers v. Western Auto & CNA Ins. Cos.*, 2002 NMCA 089, ¶ 16 54 P.3d 79, *cert. denied*, 132 N.M. 551, 52 P.3d 411 (2002); *Deem v. Treadaway & Sons Painting & Wallcovering, Inc.*, 142 N.C.App. 472, 543 S.E.2d 209, 211 (2001), *review denied*, 354 N.C. 216, 553 S.E.2d 911 (2001); *Davis v. Alexsis, Inc.*, 2 S.W.3d 228–29 (Tenn.App.1999); *Gunderson v. May Dept. Stores Co.*, 955 P.2d 346, 351 (Utah App.1998); *Alston v. St. Paul Ins. Co.*, 389 Pa.Super. 396, 567 A.2d 663, 669 (1989), *appeal granted*, 527 Pa. 621, 592 A.2d 42 (1991), *order aff'd*, 531 Pa. 261, 612 A.2d 421 (1992); *Suarez v. Metropolitan Erection Co.*, 559 So.2d 29–30 (La.App.1990); *Bowen v. Aetna Life & Cas. Co.*, 512 So.2d 248 (Fla.App.1987); *Caplan v. Fireman's Fund Ins. Co.*, 175 Cal.App.3d 146, 220 Cal.Rptr. 549–50 (1985); *Jadofsky v. Iowa Kemper Ins. Co.*, 120 Wis.2d 494, 355 N.W.2d 550, 552 (Wis.App. 1984).

Although the majority of courts have refused to recognize an independent tort, some of these same jurisdictions acknowledge that an insurer may conduct itself in such an outrageous manner that employees must be allowed to proceed in district court. *Travelers Indem. Co. v. Griner*, 809 So.2d 808, 811 (Ala.2001) [Conduct of insurer and administrator so outrageous as to warrant submitting issue of intentional infliction of emotional distress to jury.]; *The Travelers Ins., Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382, 386 (1997) [No bar to misrepresentation and outrage arising out of adjuster's representations regarding autopsy requirements resulting in delay in embalming of claimant.]; *Robertson v. Travelers Ins. Co.*, this note, supra; [Refused to express view as to whether plaintiff may claim tortious conduct amounting to emotional distress resulting from outrageous activity.]; *Wolf v. Scott Wetzel Serv., Inc.*, this note, supra [Court refused to hold that a civil action would not lie for misconduct in the administration of a workers' compensation claim under any circumstances, i.e. intentional conduct or tort of outrage.]; *Appl v. Lee Swett Livestock Co.*, 192 Cal.App.3d 466, 237 Cal.Rptr. 433, 438 (1987) [Inapplicability of exclusive remedy provision when employer is guilty of outrageous and extreme conduct.]; *Bowen v. Aetna Life & Cas. Co.*, this note, supra [No exclusive remedy for intentional infliction of emotional distress.].

trict court lacks jurisdiction.[34] However, a substantial number of courts determining the issue based on conduct occurring after a final determination of benefits have recognized the employee's right to pursue damages for the bad faith intentional tort.[35]

¶ 38 Courts refusing to acknowledge an independent tort action have done so: on grounds that no third-party beneficiary status exists between the employer and the insurer [36]—unlike Oklahoma which recognizes third-party beneficiary status by statute; out of concern that carving out an exception for tort actions might swallow the rule of employer immunity [37]—unconvincing considering that the issue is not employer conduct but an insurer's actions; and because remedies provided by the acts are adequate and penalty provisions will deter misconduct [38]—not in Oklahoma where no provision exists for the recovery of attorney fees or punitive damages.

¶ 39 The better reasoned opinions—and those more closely aligned both with Oklahoma's legislative framework and with the forecast of this Court's opinions indicating that a bad faith tort action might lie for post-award conduct—allow independent actions for bad faith. They provide that the exclusivity provisions of their respective workers' compensation schemes are inapplicable because: bad faith is not a direct or natural consequence of the original compensable injury; [39] the relief sought is separate and apart from the original physical injury; [40] no specific legislative intent is expressed concerning the abrogation of bad faith actions; [41] employees are necessarily third-party beneficiaries of workers' compensation insurance contracts; [42] to refuse would defeat the remedial purposes of the statutes; [43] workers' compensation statutes are not intended to encompass such injuries; [44] and concurrent remedies often exist in the administrative

**34.** *Anderson v. United States Fidelity & Guaranty Co.*, 1997 OK 124, ¶ 6, 948 P.2d 1216; *Whitson v. Oklahoma Farmers Union Mut. Ins. Co.*, see note 4, supra. See also, *Heintz v. Trucks for You, Inc.*, see note 30, supra; *Cooper v. National Union Fire Ins. Co.*, see note 30, supra. But see, *Boy v. Fremont Indem. Co.*, 154 Ariz. 334, 742 P.2d 835, 838 (Ct.App.1987) [Although the existence or non-existence of bad faith ordinarily turns on whether there has been a final award of benefits, outrageous conduct on the part of a carrier could establish liability for bad faith prior to the issuance of a final award.].

**35.** *Buote v. Verizon New England,* see note 33, supra; *Brennan v. Western Nat'l Mut. Ins. Co.*, 125 F.Supp.2d 1152, 1154 (D.S. Dakota 2001); *Taylor v. Standard Ins. Co.*, 28 F.Supp.2d 588, 591 (D.Hawai'i 1997); *Shepherd v. Boston Old Colony Ins. Co.*, 811 F.Supp. 225, 229 (S.D.Miss. 1992); *Walls v. Franklin Corp.*, see note 33, supra; *Brazier v. Travelers Ins. Co.*, see note 33, supra; *Gibson v. ITT Hartford Ins. Co.*, see note 33, supra; *Hough v. Pacific Ins. Co., Ltd.*, see note 33, supra; *Hayes v. Continental Ins. Co.*, see note 33, infra; *Falline v. GNLV Corp.*, see note 33, supra; *Tallman v. Hanssen*, 427 N.W.2d 868, 870 (Iowa 1988). See also, *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Texas 2002); *Broaddus v. Ferndale Fastener Div.*, 84 Mich.App. 593, 269 N.W.2d 689, 691 (Mich.App. 1978) [Must show entitlement to benefits before bringing bad faith claim.].

**36.** *Cianci v. Nationwide Ins. Co.*, see note 33, supra.

**37.** *Winterberg v. Transportation Ins. Co.*, see note 33, supra.

**38.** *Cruz v. Liberty Mut. Ins. Co.*, 119 N.M. 301, 889 P.2d 1223, 1226 (1995).

**39.** *Hanna v. Fleetguard, Inc.*, 900 F.Supp. 1110, 1123–24 (N.D.Iowa 1995); *Travelers Ins. Co. v. Savio,* see note 33 at 1264, supra; *Markgraf v. Douglas Corp.*, see note 33, supra; *Boy v. Fremont Indem. Co.*, note 34, supra.

**40.** *Hollman v. Liberty Mut. Ins. Co.*, 712 F.2d 1259, 1261 (8 th Cir.1983); *Twin City Fire Ins. v. Davis*, see note 33, supra; *Leathers v. Aetna Cas. & Surety Co.*, 500 So.2d 451–52 (Miss.1986); *Hayes v. Aetna Fire Underwriters,* see note 33 at 260, supra; *Broaddus v. Ferndale Fastener Div.*, see note 35, supra.

**41.** *Gibson v. ITT Hartford Ins. Co.*, see note 33 at 396, supra; *Hough v. Pacific Ins. Co., Ltd.*, see note 33 at 867, supra; *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 872 P.2d 668, 673 (1994); *Falline v. GNLV Corp.*, see note 33 at 892, supra; *Travelers Ins. Co. v. Savio,* see note 33 at 1263, supra.

**42.** *Hough v. Pacific Ins. Co., Ltd.*, see note 33 at 869; *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 20 P.3d 1158, 1163 (Ct.App.2001).

**43.** *Seale v. American Motorist Ins. Co.*, 798 S.W.2d 382, 389 (Tex.App.1990).

**44.** *Coleman v. American Universal Ins. Co.*, see note 33, supra.

and judicial fora.[45]

¶ 40 Neither do these courts determine that remedies encompassed within the workers' compensation context prevent recovery of bad faith damages. These findings are supported by the recognition that the statutory remedies: are most often modest when compared to recoveries at common law;[46] do not make the employee whole;[47] have little deterrent effect;[48] apply only to negligent conduct rather than to intentional torts;[49] rather than providing true penalties promote prompt payment;[50] and are not intended to be the sole remedy for all types of insurer wrongful conduct.[51]

## CONCLUSION

¶ 41 It is axiomatic that an employee's rights and remedies from an accidental injury suffered in the course of employment are exclusively provided under the Workers' Compensation Act, 85 O.S.2001 § 1, *et seq.* District courts have no subject matter jurisdiction over a claim to workers' compensation benefits. Nevertheless, the exclusivity principle is limited to matters surrounding a job-related accidental injury. It does not extend to post-award dealings during which a tort may arise by reason of a bad faith breach by the insurer or self-insured employer. Although administrative fines may have some deterrent effect on self-insured employers, they do not purport to address the plight of the injured worker who may suffer great deprivation as a result of the tortious denial or delay of benefits. Further, allowing an employee to proceed in tort in the district court does not invade the province of the Workers' Compensation Court. Before an employee may file a bad faith action, the Workers' Compensation Court's work will have been concluded—the award for the job-related injury will be in place. Once the award has been finally determined by the Workers' Compensation Court, the issue will be identical to any bad faith tort action—whether the insurer has failed to execute its contract in good faith.

¶ 42 Today, the majority places an overbroad interpretation on the exclusivity and remedy provisions of the Workers' Compensation Act. It does so without overruling cases which would indicate that employees are entitled to expect, and that insurers are required to act, in good faith in the workers' compensation arena. It extends immunity from a bad faith suit to a self-insured employer in absence of specific statutory language requiring such a result and in the presence of the Legislature's declaration that, as third-party beneficiaries, employees may enforce such contracts. The majority does so although the Legislature has had the benefit of numerous rulings of this Court indicating that such a cause of action might well lie in post-award situations. Rather than judicially legislating a result not supported or required by the Workers' Compensation Act, our prior jurisprudence or well-reasoned extant case law, I would recognize the cause of action without expressing whether the facts presented support an award. The decision to preempt the common law action should be left to the Legislature's wisdom through the use of specific language if it disagrees with such a resolution.

**45.** *Brazier v. Travelers Ins. Co.*, see note 33 at 547, supra; *Hayes v. Continental Ins. Co.*, see note 33 at 674, supra; *Travelers Ins. Co. v. Savio*, see note 33 at 1270, supra.

**46.** *Hayes v. Continental Ins. Co.*, see note 33 at 672, supra; *Falline v. GNLV Corp.*, see note 33 at 892, supra; *Travelers Ins. Co. v. Savio*, see note 33 at 1267.

**47.** *Boute v. Verizon New England*, see note 33 at 707, supra.

**48.** *Hough v. Pacific Ins. Co., Ltd.*, see note 33 at 867, supra; *Southern Farm Bureau Cas. Ins. Co., v. Holland*, 469 So.2d 55, 58 (Miss.1984).

**49.** *Boylan v. American Motorists Ins. Co.*, 489 N.W.2d 742, 744 (Iowa 1992); *Southern Farm Bureau Cas. Ins. Co. v. Holland*, see note 48, supra; *Hayes v. Aetna Fire Underwriters*, see note 33 at 261, supra.

**50.** *Coleman v. American Universal Ins. Co.*, see note 33 at 224, supra.

**51.** *Gibson v. ITT Hartford Ins. Co.*, see note 33 at 396, supra.